**George JOHNSON, Appellant,**

v.

**Wendell A. ODOM, Jr., Appellee.**

**No. 14–96–00877–CV.**

Court of Appeals of Texas,
Houston (14th Dist.).

June 19, 1997.

Rehearing Overruled Aug. 28, 1997.

George R. Neely, Houston, for appellant.

Mark K. Glasser, Charles Christian Correll, Keith A. Rowley, Houston, for appellee.

Before LEE, AMIDEI, and EDELMAN, JJ.

## OPINION

AMIDEI, Justice.

George Johnson appeals from a summary judgment granted to appellee, Wendell A. Odom, Jr. Appellant sued Odom for legal malpractice arising out of Odom's representation of appellant in a criminal case. In one point of error, appellant contends the trial court erred in granting Odom's motion for summary judgment. We affirm.

Odom represented appellant as his defense counsel in a criminal case styled "United States of America v. George Johnson, Jr.," Docket No. H–86–00203–01, in the United States District Court for the Southern District of Texas. Appellant was convicted on June 30, 1988, and sentenced to three years on each of four counts of tax fraud, probated for three years. This conviction was not appealed. Appellant then filed this suit on November 9, 1995, alleging breach of contract, breach of fiduciary duty, violation of the Texas Deceptive Trade Practices Act (DTPA), and for refund of attorney fees, arising out of Odom's negligent misrepresentation of appellant in his defense in federal court. Odom filed a motion for summary judgment alleging appellant's claims were barred as matter of law by the public policy of this state as set out in *Peeler v. Hughes and Luce*, 909 S.W.2d 494 (Tex.1995) and the statute of limitations. The trial court granted Odom's motion for summary judgment without specifying the grounds.

■ *Peeler* holds that the public policy of this state bars convicts from suing their defense attorneys for malpractice related to their convictions. *Id.* at 497–99. The supreme court stated:

> Because of public policy, we side with the majority of courts and hold that plaintiffs who have been convicted of a criminal offense may negate the sole proximate cause bar to their claim for legal malpractice in connection with that conviction only if they have been exonerated on direct appeal, through post-conviction relief, or otherwise. While we agree with the other state courts that public policy prohibits convicts from profiting from their illegal conduct, we also believe that allowing civil recovery for convicts impermissibly shifts responsibility for the crime away from the convict.... We therefore hold that, as a matter of law, it is the illegal conduct rather than the negligence of a convict's counsel that is the cause in fact of any injuries flowing from the conviction, unless the conviction has been overturned.

*Id.* at 497–98.

■ In point of error one, appellant contends the trial court erred in granting appellant's motion for summary judgment because he has been exonerated through post-conviction relief and otherwise. In sub-points of error, he argues (1) a stipulation of facts with IRS, (2) his affidavit, and (3) the affidavit of his attorney, Robert I. White, are sufficient evidence of his innocence and exoneration under the *Peeler* case. We disagree.

In sub-point of error (1), to point of error one, appellant states he has a civil suit against Internal Revenue Service (IRS), docket no. 23004–92, United States Tax Court, concerning a disputed income tax liability for 1979 and 1980, wherein appellant alleged he was not liable for the tax because he was not a Subchapter S Corporation. His argument in the civil suit was he did not sign the Form 2553, "Election by a Small Business Corporation," which is mandatory to assess individual tax liability against him. A stipulation, dated March 20, 1996, between appellant and IRS recites that the Form 2553 was submitted to IRS Criminal Investigation Laboratory which concluded appellant's signatures were forged. The agreement in the stipulation concludes:

> This stipulation is to be filed with the Clerk's Office by Respondent [IRS] or Petitioner [Johnson] within 30 days of the time it is signed by counsel. It may be utilized by both parties in connection with a Motion for Partial Summary Judgment to be filed in this case upon the issue of whether Johnson Programming Services, Inc., a California corporation, was a Subchapter S corporation during that corporation's tax years ending September 30, 1979, and September 30, 1980, and whether as a result hereof the undistributed taxable income, if any, of Johnson Programming Services, Inc., during its years ending Sep-

tember 30, 1979 and September 30, 1980 must be included in the income of Petitioner George Johnson for his taxable years 1979 and 1980.

There is no reference in this stipulation to *any* effect the stipulation has on appellant's conviction in the tax fraud case in the United States District Court. The Tax Court proceeding is a civil action to determine if appellant owes taxes for 1979 and 1980. Also, there is nothing in the record furnished in this appeal indicating this Tax Court suit has ever been concluded. Appellant has cited no authority as to how this stipulation of facts in a civil suit disputing tax liability exonerates him from his criminal conviction for tax fraud in 1988.

Appellant has waived this argument by failing to support this sub-point of error (1) with proper argument and authority. TEX.R.APP. P. 74(f); *Hunter v. NCNB Texas Nat. Bank*, 857 S.W.2d 722, 725 (Tex.App.—Houston [14th Dist.] 1993, writ denied). We overrule subpoint of error (1), point of error one, concerning exoneration by stipulation of facts in the Tax Court civil suit.

■ In sub-point of error (2), point of error one, appellant argues the affidavit of Robert I. White proves appellant would not have been convicted but for Odom's negligence in failing to investigate the forged Subchapter S election and this affidavit is proof of his innocence. Appellant cites no authority to support his argument that an affidavit has the force and authority of a final judgment of a competent court of law exonerating appellant of his conviction. This affidavit was stricken by the trial court as hearsay and is not properly before this court; however, assuming *arguendo* such an affidavit could be considered by this court, appellant has waived this sub-point of error (2) by failing to support it with proper argument and authority. TEX.R.APP. P. 74(f); *Hunter*, 857 S.W.2d at 725. We overrule subpoint of error (2), point of error one.

Finally, in sub-point of error (3), point of error one, appellant claims his own affidavit proclaims his innocence. As indicated under the above sub-points (1) and (2), appellant cites no authority to establish his exonera-

tion. Sub-point of error (3), point of error one, is overruled.

Appellant argues the trial court also erred in granting summary judgment because the Odom's motion for summary judgment did not address appellant's claim for refund of attorney's fees paid Odom nor did it address his claim for a breach of contract caused by Odom's negligence in handling the criminal case.

In this case, the summary judgment motion filed by Odom did not attack any specific elements of appellant's causes of action; rather, the motion here addressed the ability of appellant to bring *any* cause of action against Odom which is grounded on appellant's criminal acts. Odom's motion asked the trial court to dismiss with prejudice appellant's petition.

In *Peeler*, the supreme court emphasized "it is the illegal conduct rather than the negligence of a convict's counsel that is the cause in fact of *any injuries flowing from the conviction*, unless the conviction has been overturned" (emphasis added). *Peeler*, 909 S.W.2d at 498. It is clear from *Peeler*, that *all* claims "flowing from the conviction" are barred by public policy. *Id.* In this case, Odom properly established his public policy defense in his summary judgment motion, a defense which defeated all of appellant's claims for damages. *See also Saks v. Sawtelle, Goode*, 880 S.W.2d 466, 469 (Tex.App.—San Antonio 1994, writ denied) (plaintiffs sued attorney for malpractice arising out of representation in a criminal conviction; court of appeals found all causes of action barred by public policy defense). We overrule appellant's point of error one.

■ Since we have found Odom's public policy defense sufficiently supports the summary judgment, we do not address appellant's remaining sub-points of error concerning statute of limitations and his complaint about striking the affidavit of Robert I. White. The summary judgment did not specify the grounds upon which the court granted it, and we affirm the judgment if any one of the theories advanced in the motion is meritorious. *State Farm Fire & Casualty Co. v. S.S.*, 858 S.W.2d 374, 380 (Tex.1993); *Carr v. Brasher*, 776 S.W.2d 567, 569 (Tex.

1989). The judgment of the trial court is affirmed.