**Affirmed and Majority and Concurring Opinions filed August 14, 2014.**



**In The**

# Fourteenth Court of Appeals

_____

## NO. 14-13-00385-CV
_____

**WILLIAM CARL WOOLEY, Appellant**

**V.**

**RANDY SCHAFFER, Appellee**

**On Appeal from the 11th District Court
Harris County, Texas
Trial Court Cause No. 2013-05833**

## M A J O R I T Y   O P I N I O N

In four issues, pro se inmate William Carl Wooley complains that the trial court dismissed his civil lawsuit against his former attorney Randy Schaffer, whom Wooley retained to seek habeas relief on his behalf. Concluding that Wooley's causes of action have no basis in law or fact because Wooley has not been exonerated from his criminal convictions, we affirm.

## *Background*[1]

Wooley was convicted of aggravated sexual assault and related offenses. His convictions were affirmed on appeal, and he subsequently filed pro se habeas corpus applications in district court in Tarrant County, Texas. He alleged, as relevant here, ineffective assistance of trial counsel in failing to file a motion to suppress video evidence that had been stolen by Wooley's son and given to the police. Thereafter, Wooley's brother signed an agreement with Schaffer,[2] who agreed to conduct an investigation "to determine whether there is any basis to file an application for a writ of habeas corpus to challenge . . . Wooley's convictions" in exchange for a fee of $10,000.

After conducting the investigation, Schaffer advised Wooley by letter that he could file applications for a writ of habeas corpus to assert ineffective assistance of trial counsel on two bases: (1) that trial counsel should have moved to suppress the videos if Wooley's son had not intended to give them to the police at the time he stole them, as they would therefore be inadmissible; and (2) that trial counsel should not have presented testimony from Wooley's psychologist because it was "extremely prejudicial" to Wooley. Schaffer informed Wooley that he would charge a fee of $25,000 plus expenses to argue both issues or a fee of $15,000 plus expenses to argue only the second issue.[3] Wooley responded by letter that trying to prove his son did not intend to turn over the videos to authorities would be "a waste of time and money,"[4] and Wooley authorized Schaffer only to raise the

---

[1] Although we analyze only Wooley's live petition below, additional background facts are presented for clarity and context.

[2] The letterhead "The Schaffer Firm" was on the letter agreement, and Schaffer's name was on the signature line. The version of the letter agreement in our record was not signed by Schaffer.

[3] These fees would be in addition to the $10,000 investigation fee previously charged.

[4] Wooley argues on appeal that Schaffer advised him that it would be a waste of time and

2

second issue.

Wooley's brother, as guarantor, signed a "Professional Services Contract" with the Law Office of Randy Schaffer, P.C., in which he agreed to pay $15,000, plus the $10,000 investigation fee already paid. The firm agreed to file habeas applications on Wooley's behalf. It is undisputed that Schaffer filed applications raising the issue regarding trial counsel's effectiveness in presenting the psychologist's testimony, a brief, and proposed findings of fact and conclusions of law as a supplement to Wooley's pro se applications already pending raising the issue regarding suppression of the videos.[5]

Schaffer argued the case before a special master, who filed findings of fact and conclusions of law in the district court recommending denial of the habeas applications. The district court approved the special master's findings of fact and conclusions of law, and the Court of Criminal Appeals denied relief. Two months later, Wooley allegedly informed Schaffer for the first time that Wooley wanted Schaffer to raise the issue regarding suppression of the videos. Subsequently, Wooley allegedly demanded a return of $20,000 of Schaffer's fee. When Schaffer refused to return the sum, Wooley initiated the underlying lawsuit.

Wooley included various allegations in his original petition related to Schaffer's purported (1) failure to investigate the illegal search issue or include it in the habeas applications that Schaffer filed, (2) failure to provide accounts of how Wooley's funds were expended, (3) overcharging Wooley and refusing to refund fees paid by him, (4) using fees paid by Wooley for purposes other than

_____

money to raise this issue. However, in his letter to Schaffer, Wooley stated, "I can almost promise you, unless we got really lucky, that proving my son['s] intentions were not to turn the 'evidence' over to the authorities . . . would represent a waste of time and money." (Emphasis in original).

[5] These documents are not part of the appellate record.

seeking habeas relief for Wooley, and (5) knowingly presenting unmeritorious claims. Wooley alleged Schaffer's acts constituted "deceptive practices and unethical conduct," "negligence or incompetence" and obstructed Wooley's "First and Fourteenth Amendment rights and statutory rights." Schaffer simultaneously filed special exceptions to Wooley's petition and a motion to dismiss the lawsuit under Texas Rule of Civil Procedure 91a. Wooley filed objections to the special exceptions and the motion to dismiss thirty days later but did not amend his petition. The trial court did not rule on the special exceptions but granted the motion to dismiss five days later.

### *Discussion*

Wooley complains in four issues that the trial court erred in granting Schaffer's motion to dismiss under Rule 91a because (1) Wooley brought causes of action against Schaffer for legal malpractice, breach of contract, and violations of the Texas Deceptive Trade Practices Act[6] (DTPA) and Wooley's constitutional rights; (2) Wooley filed suit within the applicable two-year statute of limitations; and (3) files and records for this case are missing from the Harris County District Clerk's office.[7]

Rule 91a allows a party to move to dismiss a cause of action on the ground that it has no basis in law or in fact. *See* Tex. R. Civ. P. 91a.1. As specified in the rule: "A cause of action has no basis in law if the allegations, taken as true, together with inferences reasonably drawn from them, do not entitle the claimant to the relief sought. A cause of action has no basis in fact if no reasonable person

---

[6] *See* Tex. Bus. & Com. Code §§ 17.41-17.63.

[7] Wooley does not explain how the purportedly missing files and records would have any bearing on the trial court's ruling on the Rule 91a motion to dismiss. Wooley complains that he was not allowed to participate in the hearing on the motion. However, our record does not show that the trial court conducted an oral hearing, and it was not required to do so. *See* Tex. R. Civ. P. 91a.6 ("The court may, but is not required to, conduct an oral hearing on the motion.").

4

could believe the facts pleaded." *Id.* A motion to dismiss must identify each cause of action to which it is addressed and must state specifically the reasons the cause of action has no basis in law, no basis in fact, or both. Tex. R. Civ. P. 91a.2. The trial court may not consider evidence in ruling on the motion and must decide the motion based solely on the pleading of the cause of action, together with any exhibits permitted by Rule 59.[8] Tex. R. Civ. P. 91a.6.

## I. We review the trial court's ruling on a Rule 91a motion to dismiss de novo, construing the pleadings liberally in favor of the plaintiff, looking to the pleader's intent, and accepting as true the factual allegations in the pleadings.

We must decide as a matter of first impression in this court what standard of review to apply to a trial court's ruling on a motion to dismiss under Rule 91a.[9] We generally review a trial court's ruling on a motion to dismiss in other contexts for abuse of discretion; however, we review the trial court's ruling on a question of law de novo. *See, e.g., Nexion Health at Beechnut, Inc. v. Paul*, 335 S.W.3d 716, 718 (Tex. App.—Houston [14th Dist.] 2011, no pet.) (applying de novo standard to review motion to dismiss in healthcare liability case when issue was whether service had been effected properly); *Singleton v. Casteel*, 267 S.W.3d 547, 550 (Tex. App.—Houston [14th Dist.] 2008, pet. denied) (applying de novo standard to review motion to dismiss to determine whether official immunity applied under Texas Tort Claims Act); *Harris Cnty. Hosp. Dist. v. Textac Partners I*, 257 S.W.3d 303, 315 (Tex. App.—Houston [14th Dist.] 2008, no pet.) (applying summary

---

[8] Rule 59, in relevant part, allows "written instruments, constituting, in whole or in part, the claim sued on [to] be made part of the pleadings . . . for all purposes." Tex. R. Civ. P. 59.

[9] Two sister courts have applied a de novo standard of review. *See City of Austin v. Liberty Mut. Ins.*, 431 S.W.3d 817, 822 (Tex. App.—Austin 2014, no. pet.) (applying de novo standard to review Rule 91a motion challenging subject matter jurisdiction); *GoDaddy.com, LLC v. Toups*, 429 S.W.3d 752, 753-54 (Tex. App.—Beaumont 2014, pet. filed) (applying de novo standard to determine whether movant was entitled to immunity from suit under Communications Decency Act, 47 U.S.C.A. section 230).

judgment standard to review motion to dismiss that addressed claims on merits). While we acknowledge that the determination of whether a cause of action has a basis in law is, on its face, a question of law, *see GoDaddy*, 429 S.W.3d at 754, the language of Rule 91a is less clear as to the determination of whether a cause of action has a basis in fact—in which case "no reasonable person could have believed the facts pleaded"—is a question of law. Tex. R. Civ. P. 91a.1.

Although we acknowledge that Rule 91a motions to dismiss are unique, we find them to be analogous to pleas to the jurisdiction, which require a court to determine whether the pleader has alleged facts demonstrating jurisdiction. *See Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 225-26 (Tex. 2004). In that context, we construe the pleadings liberally in favor of the plaintiff, look to the pleader's intent, and accept as true the factual allegations in the pleadings to determine if the pleader has alleged facts that affirmatively demonstrate the trial court's jurisdiction over a claim. *Id*. at 226. Even though we are construing the jurisdictional facts alleged in the petition, whether a pleader has alleged facts that demonstrate jurisdiction is a question of law that we review de novo. *Id*. This determination is consistent with the requirement in Rule 91a to take the allegations, together with any reasonable inferences "as true." *See* Tex. R. Civ. P. 91a.1.

Rule 91a also requires the court to determine whether a "reasonable person could believe the facts pleaded" to determine whether a pleading has a basis in fact. Tex. R. Civ. P. 91a.1. This language is similar to a legal sufficiency challenge, in which we ask whether the evidence at trial would enable reasonable people to reach the verdict under review. *See City of Keller v. Wilson*, 168 S.W.3d 802, 827 (Tex. 2005). Even though we construe the factual evidence presented at trial, the determination of legal sufficiency is a question of law we review de novo. *See id.* at 822, 827.

6

Federal courts also apply a de novo standard of review to a trial court's ruling on a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6).[10] *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007). Rule 91a has unique language allowing dismissal of causes of action with no basis in law or fact. Tex. R. Civ. P. 91a. However, Federal Rule of Civil Procedure 12(b)(6) similarly allows dismissal if a plaintiff fails "to state a claim upon which relief can be granted"; therefore, we find case law interpreting Rule 12(b)(6) instructive. Fed. R. Civ. P. 12(b)(6); *see also GoDaddy*, 429 S.W.3d at 754.

For a complaint to survive a Federal Rule 12(b)(6) motion to dismiss, it must contain "enough facts to state a claim to relief that is plausible on its face."[11] *GoDaddy*, 429 S.W.3d at 754 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Facial plausibility requires facts that allow the court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Essentially, under the federal rules, the complaint is liberally construed in favor of the plaintiff, and all well-pleaded facts are taken as true. *Id*. (citing *Ashcroft*, 556 U.S. at 678–79 and *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)). But "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. (quoting *Ashcroft*, 556 U.S. at 678). Likewise, in determining whether the trial court erred in denying a defendant's motion to dismiss, federal

---

[10] Before the adoption of Rule 91a, Texas procedure did not have a dismissal mechanism similar to Rule 12(b)(6). *GoDaddy*, 429 S.W.3d at 754. In 2011, the Legislature promulgated section 22.004(g) of the Texas Government Code, which provides that the "supreme court shall adopt rules to provide for the dismissal of causes of action that have no basis in law or fact on motion and without evidence." *See* Tex. Gov't Code § 22.004(g); *see also GoDaddy*, 429 S.W.3d at 754.

[11] In ruling on such a motion, the court cannot look beyond the pleadings. *Bart Turner & Assocs. v. Krenke*, 3:13-CV-2921-L, 2014 WL 1315896, at *4 (N.D. Tex. Mar. 31, 2014). The pleadings include the complaint and any documents attached to it. *Id*. (citing *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498–99 (5th Cir. 2000)).

courts take all of the plaintiff's allegations as true. *Id*. (citing *Twombly*, 550 U.S. at 570). Federal Rule 12(b)(6) dismissal is appropriate if the court determines beyond doubt that the plaintiff can prove no set of facts to support a claim that would entitle him to relief. *Id*. (citing *Scanlan v. Tex. A & M Univ.*, 343 F.3d 533, 536 (5th Cir. 2003)).

We conclude that both determinations of whether a cause of action has any basis in law and in fact are legal questions that we review de novo, based on the allegations of the live petition and any attachments thereto. In conducting our review, similar to the analogous situations discussed above, we must construe the pleadings liberally in favor of the plaintiff, look to the pleader's intent, and accept as true the factual allegations in the pleadings to determine if the cause of action has a basis in law or fact. In doing so, we apply the fair notice pleading standard applicable in Texas to determine whether the allegations of the petition are sufficient to allege a cause of action. *See Roark v. Allen*, 633 S.W.2d 804, 810 (Tex. 1982) ("A petition is sufficient if it gives fair and adequate notice of the facts upon which the pleader bases his claim."); *see also Bart Turner & Assocs. v. Krenke*, No. 3:13-CV-2921-L, 2014 WL 1315896, at *5 (N.D. Tex. Mar. 31, 2014) (applying Texas's fair notice pleading standard to determine whether to grant motion to dismiss under Rule 91a). Applying these standards, we turn to the issues raised on appeal by Wooley.

## II. Wooley's causes of action have no basis in law or fact under the *Peeler* doctrine.

In his first two issues, Wooley argues that he asserted valid causes of action for legal malpractice, breach of contract, and violations of the DTPA and Wooley's constitutional rights. In the motion to dismiss, Schaffer asserted "Wooley's claims are difficult to understand, [but] he appears to allege that Schaffer was negligent,

8

committed legal malpractice or fraud, and violated [Wooley's] constitutional rights in failing to raise the illegal search issue."[12] Schaffer argues Wooley's causes of action are "frivolous" because Wooley has not been exonerated from his convictions. *See Peeler v. Hughes & Luce*, 909 S.W.2d 494, 497-98 (Tex. 1995) (plurality op.). Wooley, whose petition indicates he is a convicted felon who has not been exonerated,[13] argues that his causes of action are viable because they were brought against counsel retained to draft applications for writ of habeas corpus, as distinguished from the trial counsel defendant in the *Peeler* case.

In that case, Peeler pleaded guilty to a federal crime and received a sentence pursuant to a plea agreement. *Id.* at 496. She later was told that the United States attorney had made an offer to her trial counsel of absolute transactional immunity in exchange for her testimony that was not communicated to her. *Id.* She sued her attorney and his law firm seeking damages based on claims for alleged DTPA violations, legal malpractice, breach of contract, and breach of warranty. *Id.* The trial court granted summary judgment in favor of the defendants on the basis that Peeler had not been exonerated and that her criminal conduct was the sole cause of her alleged damages. *Id.* The court of appeals and subsequently the Texas Supreme Court affirmed. *Id.*

---

[12] Schaffer did not indicate whether his motion to dismiss was based on the grounds that Wooley's causes of action had no basis in law, fact, or both. Although a motion to dismiss under Rule 91a must state specifically the reasons the cause of action has no basis in law, fact, or both, we do not construe the rule to require magic words to invoke these grounds if the arguments are clear from the motion. *See* Tex. R. Civ. P. 91a.2. Schaffer argued primarily that the causes of action alleged in the petition could not be brought unless the prisoner had been exonerated. We construe this as an argument that the causes of action have no basis in law or fact. They have no basis in law because they are barred unless Wooley had been exonerated, as discussed below. They have no basis in fact because no reasonable person could believe, based on the allegations in the petition, that Wooley had been exonerated.

[13] Wooley lists his residence as "the Texas Department of Criminal Justice, Institution [sic] Division at Huntsville, Texas" and concedes that the Court of Criminal appeals denied him habeas relief.

9

A four-justice plurality concluded that under Texas public policy, a criminal defendant's own conduct is the sole cause of any damages flowing from her indictment and conviction, unless the conviction has been overturned.[14]  *Id.* at 497-98.  Consequently, the court held that Peeler's claims for malpractice and violations of the DTPA failed as a matter of law because Peeler had not been exonerated by direct appeal, post-conviction relief, or otherwise.[15]  *Id.*  The supreme court has not granted review in a case involving this doctrine since the *Peeler* decision.  *Futch v. Baker Botts, LLP*, No. 14-12-00731-CV, 2014 WL 2583769, at *7 (Tex. App.—Houston [14th Dist.] June 10, 2014, no. pet. h.). However, in a series of opinions, this court has adopted and applied an expansive interpretation of the doctrine articulated in *Peeler*.  *Id.*[16]

We have applied the *Peeler* doctrine to claims for breaches of contract and fiduciary duty and a request for fee forfeiture.  *See id.* (citing *Johnson v. Odom*, 949 S.W.2d 392, 393–94 (Tex. App.—Houston [14th Dist.] 1997, pet. denied). We have also applied the doctrine to all claims connected to the conviction.  *Id.* (citing *McLendon v. Detoto*, No. 14–06–00658–CV, 2007 WL 1892312, at *1-2 (Tex. App.—Houston [14th Dist.] July 3, 2007, pet. denied) (mem.op.).  Moreover,

---

[14] Generally, to recover on a claim of legal malpractice, a plaintiff must prove that (1) the attorney owed the plaintiff a duty, (2) the attorney breached that duty, (3) the breach proximately caused the plaintiff's injuries, and (4) damages occurred.  *Peeler*, 909 S.W.2d at 496.  Likewise, a plaintiff seeking to recover under the DTPA must prove causation.  *Id.* at 498.  When a criminal defendant has not been exonerated, the sole cause of his indictment and conviction is his own conduct.  *Id.* at 495, 497-98.

[15] The claims for breaches of contract and warranty were not before the high court. *Peeler*, 909 S.W.2d at 499.

[16] *See Meullion v. Gladden*, No. 14–10–01143–CV, 2011 WL 5926676, at *2–4 (Tex. App.—Houston [14th Dist.] Nov. 29, 2011, no pet.) (mem. op.); *McLendon v. Detoto*, No. 14–06–00658–CV, 2007 WL 1892312, at *1–2 (Tex. App.—Houston [14th Dist.] July 3, 2007, pet. denied) (mem. op.); *Golden v. McNeal*, 78 S.W.3d 488, 491–92 (Tex. App.—Houston [14th Dist.] 2002, pet. denied); *Johnson v. Odom*, 949 S.W.2d 392, 393–94 (Tex. App.—Houston [14th Dist.] 1997, pet. denied).

we have applied the doctrine to a claim against an attorney retained to draft a post-conviction petition for writ of habeas corpus that was not filed. *Id.* (citing *Meullion v. Gladden*, No. 14–10–01143–CV, 2011 WL 5926676, at \*3–4 (Tex. App.—Houston [14th Dist.] Nov. 29, 2011, no pet.) (mem. op.)). Accordingly, Wooley's argument that the *Peeler* doctrine does not apply to counsel retained to seek habeas relief is without merit. *See Meullion*, 2011 WL 5926676, at \*3–4.

Assuming for purposes of argument that Wooley's petition gives fair notice that he alleged all of the above causes of action—legal malpractice, breach of contract, and violations of the DTPA and Wooley's constitutional rights[17]—we conclude they are barred as a matter of law under this court's expansive interpretation of the *Peeler* doctrine. Accordingly, these causes of action have no basis in law or fact, and the trial court did not err in granting the Rule 91a motion to dismiss.

We overrule Wooley's first and second issues. Because we conclude that Wooley's causes of action have no basis in law or fact under the *Peeler* doctrine, we need not address Wooley's third and fourth issues asserting that his lawsuit was

---

[17] Wooley asserted in his petition that Schaffer's "acts and omissions" violated his First and Fourteenth Amendment rights. These claims are related to Schaffer's alleged failure to provide adequate representation in seeking habeas relief in connection with Wooley's convictions and thus are barred under our case law interpreting *Peeler*. *See, e.g., Futch*, 2014 WL 2583769, at \*8 (applying *Peeler* doctrine to bar claim of breaches of fiduciary duty even though purported breaches were not directly related to criminal conviction); *Meullion*, 2011 WL 5926676, at \*3–4 (holding defendant's claims relating to quality of counsel retained to seek habeas relief flowed from defendant's conviction and thus defendant's illegal conduct was only cause of any injuries sustained by defendant); *McLendon*, 2007 WL 1892312, at \*2 (holding all claims relating to attorney's negligence were barred under *Peeler*). Moreover, it is unclear from Wooley's pleading how Schaffer allegedly violated his constitutional rights. Generally, a criminal defendant may not bring a claim against his defense attorney for violations of constitutional rights because the attorney is not acting under color of state law. *See Worthy v. Scoggin*, No. 3:02-CV-2233-N, 2002 WL 31875561, at \*2 (N.D. Tex. Dec. 19, 2002), *appeal dismissed*, 65 Fed. App'x 509 (5th Cir. 2003) ("Plaintiff's claims against his defense attorney fail to state a claim upon which relief can be granted because plaintiff has alleged no facts that show that his attorney acted under color of state law.").

filed within the applicable statutes of limitation and that files and records were missing from the clerk's office.

We affirm the judgment of the trial court.

/s/    Martha Hill Jamison
Justice

Panel consists of Chief Justice Frost and Justices Jamison and Wise. (Frost, C.J., Concurring).