**Affirmed and Majority and Concurring Opinions filed August 14, 2014.**



In The

# 𝔉𝔬𝔲𝔯𝔱𝔢𝔢𝔫𝔱𝔥 ℭ𝔬𝔲𝔯𝔱 𝔬𝔣 𝔄𝔭𝔭𝔢𝔞𝔩𝔰

### NO. 14-13-00385-CV

**WILLIAM CARL WOOLEY, Appellant**

**V.**

**RANDY SCHAFFER, Appellee**

**On Appeal from the 11th District Court
Harris County, Texas
Trial Court Cause No. 2013-05833**

## C O N C U R R I N G   O P I N I O N

I concur in the court's judgment, but for the reasons set forth below, I respectfully decline to join the majority opinion.

*Dismissals under Texas Rule of Procedure 91a should be reviewed under a de novo standard.*

Today, for the first time, this court reviews a trial court's dismissal of causes

of action under recently promulgated Texas Rule of Civil Procedure 91a.[1] Thus, as a threshold matter, this court must determine the standard of review for such cases.

Rule 91a, entitled "Dismissal of Baseless Causes of Action," contains the following language relevant to this issue:

> **91a.1 Motion and Grounds.** Except in a case brought under the Family Code or a case governed by Chapter 14 of the Texas Civil Practice and Remedies Code, a party may move to dismiss a cause of action on the grounds that it has no basis in law or fact. A cause of action has no basis in law if the allegations, taken as true, together with inferences reasonably drawn from them, do not entitle the claimant to the relief sought. A cause of action has no basis in fact if no reasonable person could believe the facts pleaded.
>
> **91a.2 Contents of Motion.** A motion to dismiss must state that it is made pursuant to this rule, must identify each cause of action to which it is addressed, and must state specifically the reasons the cause of action has no basis in law, no basis in fact, or both.
>
> . . .
>
> **91a.6 Hearing; No Evidence Considered.** Each party is entitled to at least 14 days' notice of the hearing on the motion to dismiss. The court may, but is not required to, conduct an oral hearing on the motion. Except as required by 91a.7, the court may not consider evidence in ruling on the motion and must decide the motion based solely on the pleading of the cause of action, together with any pleading exhibits permitted by Rule 59.
>
> **91a.7 Award of Costs and Attorney Fees Required.** Except in an action by or against a governmental entity or a public official acting in his or her official capacity or under color of law, the court must award the prevailing party on the motion all costs and reasonable and necessary attorney fees incurred with respect to the challenged cause of action in the trial court. The court must consider evidence regarding costs and fees in determining the award.[2]

---

[1] Unless otherwise specified, all references to rules in this opinion are to the Texas Rules of Civil Procedure.

[2] Tex. R. Civ. P. 91a.

Rule 91a, which took effect on March 1, 2013, provides a unique dismissal procedure not previously available in Texas practice.[3] Trial courts may not dismiss under Rule 91a in either a case brought under the Family Code or in inmate litigation governed by Chapter 14 of the Texas Civil Practice and Remedies Code.[4] In all other cases, a party may move to dismiss on the ground that (1) a cause of action has no basis in law, (2) a cause of action has no basis in fact, or (3) on both of these grounds.[5]

A cause of action has no basis in law if the allegations in the claimant's pleading, taken as true, together with inferences reasonably drawn from them, do not entitle the claimant to the relief sought.[6] A cause of action has no basis in fact if no reasonable person could believe the facts pleaded by the claimant.[7] A motion to dismiss under Rule 91a must (1) contain a statement that it is made pursuant to that rule, (2) identify each cause of action to which it is addressed, and (3) state specifically the reasons each such cause of action has no basis in law, no basis in fact, or both.[8]

In determining whether to grant a motion to dismiss under Rule 91a, a trial court may not consider any evidence and must decide the motion based solely on the pleading, together with any pleading exhibits permitted by Texas Rule of Civil Procedure 59.[9] Except in an action by or against a governmental entity or a public

---

[3] *See id.*

[4] *See* Tex. R. Civ. P. 91a.1. The case under review was not brought under the Family Code, nor is it governed by Chapter 14 of the Texas Civil Practice and Remedies Code.

[5] *See id.*

[6] *See id.*

[7] *See id.*

[8] *See* Tex. R. Civ. P. 91a.2.

[9] *See* Tex. R. Civ. P. 91a.6.

official acting in his or her official capacity or under color of law, if a trial court grants a Rule 91a dismissal as to a cause of action, the court must award the movant all costs and reasonable and necessary attorney's fees incurred with respect to that cause of action in the trial court.[10] In awarding these costs and fees, the trial court must consider evidence regarding costs and fees.[11]

In deciding whether to grant a motion to dismiss under Rule 91a, a trial court may not consider evidence and must decide the motion based solely on a review of the content within the four corners of the live pleading, including the attachments thereto.[12] Given the nature of such a dismissal, appellate courts should review de novo a trial court's dismissal of a cause of action under Rule 91a.[13]

***Under a de novo standard of review, the trial court did not err in granting the motion to dismiss under Rule 91a.***

A de novo review of the statements and allegations within the four corners of appellant William Carl Wooley's live pleading against appellee Randy Schaffer shows that Wooley, a convicted felon who has not been exonerated, asserts various

---

[10] *See* Tex. R. Civ. P. 91a.7. The trial court in the case under review did not award Schaffer any attorney's fees, and Schaffer has not appealed this ruling. Nonetheless, Rule 91a requires that the trial court award a successful movant all costs and reasonable and necessary attorney's fees incurred with respect to the dismissed causes of action in the trial court. *See id.*

[11] *See id.*

[12] *See* Tex. R. Civ. P. 91a.6.

[13] *See GoDaddy.com, LLC v. Toups*, 429 S.W.3d 752, 754 (Tex. App.—Beaumont 2014, pet. filed) (reviewing trial court's ruling on a Rule 91a motion to dismiss under a de novo standard of review). Though the Third Court of Appeals has reviewed a trial court's ruling on a Rule 91a motion to dismiss under a de novo standard of review, the appellate court did so under the standard of review for pleas to the jurisdiction challenging only the pleadings, after determining that the Rule 91a motion constituted a plea to the jurisdiction. *See City of Austin v. Liberty Mut. Ins.*, 431 S.W.3d 817, 822 & n.1 (Tex. App.—Austin 2014, no. pet.). Thus, this precedent does not address the standard of review for rulings on Rule 91a motions that are not pleas to the jurisdiction. *See id.*

causes of action for damages relating to Schaffer's retention as an attorney to draft post-conviction applications for habeas relief on Wooley's behalf. The allegations in Wooley's live pleading as well as all reasonable inferences drawn from these allegations, taken as true, would not entitle Wooley to the damages he seeks in each of his causes of action under this court's precedent applying an expansive interpretation of the *Peeler* doctrine.[14] A de novo, four-corners review shows that none of Wooley's causes of action has any basis in law.[15] The arguments Wooley asserts on appeal do not show that the trial court erred in granting Schaffer's motion to dismiss under Rule 91a, and this court correctly affirms the trial court's judgment.

***This court should not consider the evidence attached to the motion to dismiss.***

In determining whether to grant a motion to dismiss under Rule 91a, the trial court may not consider evidence and must make its ruling based solely on a review of the allegations and attachments within the four corners of the live pleading.[16] Nonetheless, Schaffer attached eight exhibits to his motion to dismiss and discussed the factual matters allegedly shown by these exhibits in this motion. On appeal, the background section of the majority opinion is based in large part on factual matters addressed in these motion exhibits but not alleged in Wooley's live pleading. The majority states that these matters are "additional background facts . .

---

[14] *See Futch v. Baker Botts, LLP*, No. 14-12-00731-CV, —S.W.3d—,—, 2014 WL 2583769, at *7–8 (Tex. App.—Houston [14th Dist.] June 10, 2014, no pet.); *Meullion v. Gladden*, No. 14-10-01143-CV, 2011 WL 5926676, at *2–4 (Tex. App.—Houston [14th Dist.] Nov. 29, 2011, no pet.) (mem. op.); *McLendon v. DeToto*, No. 14-06-00658-CV, 2007 WL 1892312, at *1–2 (Tex. App.—Houston [14th Dist.] Jul. 3, 2007, pet.denied) (mem. op.); *Golden v. McNeal*, 78 S.W.3d 488, 491–92 (Tex. App.—Houston [14th Dist.] 2002, pet. denied); *Johnson v. Odom*, 949 S.W.2d 392, 393–94 (Tex. App.—Houston [14th Dist.] 1997, pet. denied).

[15] *See* Tex. R. Civ. P. 91a.1; *Futch*, 2014 WL 2583769, at *7–8; *Meullion*, 2011 WL 5926676, at *2–4; *McLendon*, 2007 WL 1892312, at *1–2; *Golden*, 78 S.W.3d at 491–92; *Johnson*, 949 S.W.2d at 393–94.

[16] *See* Tex. R. Civ. P. 91a.6.

5

. presented for clarity and context."[17] Though some general background and context are certainly appropriate, much of this material goes into details of Schaffer's representation of Wooley that are not alleged in Wooley's live pleading and thus are not relevant to the issues addressed in the majority opinion.[18] A successful movant under Rule 91a is entitled to all costs and reasonable and necessary attorney's fees incurred in the trial court with respect to the dismissed causes of action.[19] If movants under Rule 91a attach evidence to their motions as if Rule 91a motions were traditional motions for summary judgment, there is a danger that courts improperly might consider this evidence as a basis for dismissing under Rule 91a, even though the ruling is supposed to be based solely on a four-corners review of the live pleading. Basing a Rule 91a ruling on the movant's evidence essentially would allow the movant to obtain a prompt, de facto summary judgment, possibly without notice to the claimant that evidence was being considered, as well as attorney's fees that are not normally available based only on a party's entitlement to summary judgment. Though attaching evidence to a motion to dismiss under Rule 91a does not make the motion fatally defective, courts should be careful to limit their analysis to the allegations in the live pleading.

***This court need not address whether, in his motion to dismiss, the movant states specifically the reasons that each of the asserted causes of action has no basis in law or has no basis in fact.***

In a motion to dismiss under Rule 91a the movant must identify each cause of action to which the motion is addressed, and the movant must state specifically

---

[17] *See ante* at p.2, n.1.

[18] *See ante* at p. 2–4.

[19] *See* Tex. R. Civ. P. 91a.7.

6

the reasons each cause of action has no basis in law, no basis in fact, or both.[20] Arguably, a claimant might be able to assert for the first time on appeal that the trial court erred in dismissing under Rule 91a because the movant did not specify (1) the causes of action to which the motion is addressed, or (2) whether dismissal was sought because the cause of action has no basis in law or because the cause of action has no basis in fact, or (3) the reasons each cause of action has no basis in law, no basis in fact, or both.[21] Nonetheless, on appeal, Wooley has not advanced any such argument; therefore, this court need not and should not address whether Schaffer's motion was sufficient in any of these respects. Despite Wooley's failure to raise these issues, the majority concludes that Schaffer's motion was sufficiently specific, even though Schaffer did not state whether he sought dismissal on the ground that the causes of action have no basis in law or on the ground that they have no basis in fact.[22] There is no reason to address whether Schaffer's motion has the specificity required by Rule 91a.[23]

### The movant did not seek dismissal of any cause of action based on the cause of action having no basis in fact.

In his motion to dismiss under Rule 91a, Schaffer sought dismissal of all of Wooley's causes of action under the *Peeler* doctrine. Schaffer did not assert that any of Wooley's causes of action have no basis in fact, and Schaffer did not assert that no reasonable person could believe any fact alleged in Wooley's live pleading. Schaffer did not assert, and the trial court did not rule, that any of Wooley's causes

---

[20] *See* Tex. R. Civ. P. 91a.2.

[21] *See id.*

[22] *See ante* at p. 9, n.12. Schaffer does state at one point in the motion that Wooley's allegation that Schaffer "overcharged" him fails to state a claim on which relief can be granted. This is the only part of the petition that Schaffer expressly states fails to state a claim on which relief can be granted.

[23] *See* Tex. R. Civ. P. 91a.2.

of action have no basis in fact. Thus, the majority is incorrect that Schaffer sought dismissal on the ground that Wooley's causes of action have no basis in fact.[24]

Before the promulgation of Rule 91a, Texas law did not provide a procedure for a party to obtain dismissal of a cause of action because, based solely on a review of the live pleading, no reasonable person could believe the facts pleaded.[25] In this respect, Rule 91a is novel and unique in Texas procedure. Without addressing the specific threshold for such a determination, it is reasonable to deduce that alleged facts would have to have a high degree of implausibility for a court to properly conclude that no reasonable person could believe these facts based solely on the live pleading. The resolution of this important issue should be left for another day because Schaffer did not seek dismissal on this basis. Instead, the majority concludes that Wooley's causes of action have no basis in fact because no reasonable person could believe that Wooley had been exonerated.[26] But, Wooley did not plead that he had been exonerated. Indeed, his live pleading shows that he had not been exonerated. Because Wooley did not plead that he had

---

[24] *See ante* at pp. 1, 9, 11.

[25] Parties may move for sanctions, including attorney's fees, under Texas Rule of Civil Procedure 13 on the grounds that an attorney or party who signed a pleading violated her certificate that she had read the pleading and that, to the best of her knowledge, information, and belief formed after reasonable inquiry, the pleading is not groundless and brought in bad faith or groundless and brought for the purpose of harassment. Tex. R. Civ. P. 13. "Groundless" in this context means no basis in law or fact and not warranted by good faith argument for the extension, modification, or reversal of existing law. *See id*. Parties may move for sanctions, including attorney's fees, under Texas Civil Practice and Remedies Code chapter 10, on the grounds that an attorney or party who signed a pleading violated her certificate that to the best of her knowledge, information, and belief, formed after reasonable inquiry, each allegation or other factual contention in the pleading or motion has evidentiary support or, for a specifically identified allegation or factual contention, is likely to have evidentiary support after a reasonable opportunity for further investigation or discovery. Tex. Civ. Prac. & Rem. Code Ann. § 10.001 (West 2014). As to either basis for sanctions, the inquiry is not limited to the live pleading, and the movant's entitlement to sanctions normally is proved by evidence. *See Gomer v. Davis*, 419 S.W.3d 470, 477–81 (Tex. App.—Houston [1st Dist.] 2013, no pet.).

[26] *See ante* at p. 9, n.12.

8

been exonerated, even if Schaffer had sought dismissal on the ground that Wooley's causes of action have no basis in fact, there would be no issue as to whether a reasonable person could believe that Wooley had been exonerated.[27]

***This court need not apply the fair-notice standard used to determine the sufficiency of pleadings.***

Texas is a notice pleading jurisdiction; a petition is sufficient if it gives fair and adequate notice of the facts upon which the pleader bases his claim.[28] The test of fair notice is whether an opposing attorney of reasonable competence, with the pleadings before her, could ascertain the nature and basic issues of the controversy and the testimony that is probably relevant.[29] The majority purports to apply these notice-pleading standards to its review of the trial court's dismissal under Rule 91a.[30] But, the issue under Rule 91a is not whether the claimant sufficiently pleaded a cause of action under Texas's liberal notice-pleading standards; rather, the issue is whether the challenged causes of action have no basis in law or no basis in fact under the standards promulgated in Rule 91a.[31] Thus, this court should apply the legal standard from Rule 91a rather than the legal standard for testing the sufficiency of the pleading in response to special exceptions.[32]

***Rule 91a is sui generis and it is best not to analogize this rule to other procedural vehicles.***

The majority concludes that a motion to dismiss under Rule 91a is similar to

---

[27] *See* Tex. R. Civ. P. 91a.1.

[28] *Kopplow Dev., Inc. v. City of San Antonio,* 399 S.W.3d 532, 536 (Tex. 2013).

[29] *See Hand v. Dean Witter Reynolds, Inc*., 889 S.W.2d 483, 489 (Tex. App.—Houston [14th Dist.] 1994, writ denied).

[30] *See ante* at p. 8.

[31] *See* Tex. R. Civ. P. 91a.1.

[32] *See id*.

9

a plea to the jurisdiction.[33] But, parties who succeed under a plea to the jurisdiction are not thereby entitled to recover their attorney's fees; successful parties under Rule 91a are entitled to attorney's fees.[34] Pleas to the jurisdiction may be (and often are) based on evidence extrinsic to the live pleading; Rule 91a motions may not be based on such evidence.[35] Grounds for a plea to the jurisdiction may be added for the first time on appeal; grounds for Rule 91a motions must be raised in the trial court.[36]

The majority also concludes that a motion to dismiss under Rule 91a based on the alleged causes of action having no basis in fact is similar to a legal-sufficiency challenge to fact findings.[37] Parties who succeed under a legal-sufficiency challenge, however, are not thereby entitled to recover their attorney's fees; successful parties under Rule 91a are entitled to attorney's fees.[38] Fact findings are based on evidence, and the fact finder is the sole judge of the credibility of the witnesses and the weight to give their testimony.[39] Rule 91a motions may not be based on evidence, and there is no basis for assessing the credibility of any witness.[40] Rather, to conclude that a cause of action has no basis in fact, a court must determine that no reasonable person could believe the facts

---

[33] *See ante* at p. 6.

[34] *See* Tex. R. Civ. P. 91a.7.

[35] *See* Tex. R. Civ. P. 91a.6; *Tex. Dep't of Parks and Wildlife v. Miranda*, 133 S.W.3d 217, 227–28 (Tex. 2004).

[36] *See* Tex. R. Civ. P. 91a.2; *Waco Indep. Sch. Dist. v. Gibson,* 22 S.W.3d 849, 851–53 (Tex. 2000).

[37] *See ante* at p. 6.

[38] *See* Tex. R. Civ. P. 91a.7.

[39] *See City of Keller v. Wilson*, 168 S.W.3d 802, 819 (Tex. 2005).

[40] *See* Tex. R. Civ. P. 91a.6.

alleged in the live pleading based solely on the pleading.[41] This inquiry is not akin to a legal-sufficiency analysis.[42]

The majority also concludes that a motion to dismiss under Rule 91a is similar to a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6).[43] But, unlike successful movants under Rule 91a, successful movants under Federal Rule of Civil Procedure 12(b)(6) are not entitled to recover their attorney's fees.[44] In addition, movants to dismiss under Federal Rule of Civil Procedure 12(b)(6) may not challenge the veracity of factual allegations in the live pleading, but movants under Rule 91a may challenge the factual allegations as having no basis in fact.[45]

Rule 91a is unique, an animal unlike any other in its particulars. Because this new procedural creation differs from other procedures in its terms, benefits, and application, courts should treat it as its own kind without analogizing it to other species, lest practitioners and trial courts fall into error by tailoring their motions and rulings to meet provisions that are different from the terms of Rule 91a.


/s/    Kem Thompson Frost
Chief Justice

Panel consists of Chief Justice Frost and Justices Jamison and Wise.  (Jamison, J., Majority).

---

[41] *See* Tex. R. Civ. P. 91a.1; Tex. R. Civ. P. 91a.6.

[42] *See City of Keller*, 168 S.W.3d at 823, 827.

[43] *See ante* at p. 7.

[44] *See* Fed. R. Civ. P. 12.

[45] *Compare* Tex. R. Civ. P. 91a.1, *with Sonnier v. State Farm Mutual Auto. Ins. Co.*, 509 F.3d 673, 675 (5th Cir. 2007).