**Opinion filed January 17, 2019**



In The

# Eleventh Court of Appeals

_____

## No. 11-17-00243-CV
_____

## MICHAEL ALLEN WELLS, Appellant

## V.

## ASSEMBLERS, INC., Appellee

**On Appeal from the 350th District Court**
**Taylor County, Texas**
**Trial Court Cause No. 11148-D**

## MEMORANDUM OPINION

The trial court granted Appellee's Rule 91a motion to dismiss the lawsuit that Appellant, acting pro se, had filed against Appellee. This is an appeal from that dismissal. We affirm.

Even though Appellee was never served with citation in this case, Appellee filed an answer to the lawsuit and it also filed a motion to dismiss under Rule 91a of the Texas Rules of Civil Procedure. Rule 91a governs the dismissal of a baseless

cause of action and provides that, "a party may move to dismiss a cause of action on the grounds that it has no basis in law or fact." Tex. R. Civ. P. 91a.1. The rule also contains the following instruction as to when a cause of action has no basis in law or in fact: "A cause of action has no basis in law if the allegations, taken as true, together with inferences reasonably drawn from them, do not entitle the claimant to the relief sought. A cause of action has no basis in fact if no reasonable person could believe the facts pleaded." *Id.*

Rule 91a.6 provides that the trial court is to "decide the motion solely on the pleading of the cause of action, together with any pleading exhibits permitted by Rule 59." Tex. R. Civ. P. 91a.6. Except for evidence as to reasonable attorney fees and costs, as required by Rule 91a.7, the trial court may not consider evidence when it rules on the motion to dismiss. *Id.*

Review of the merits of a Rule 91a motion is a question of law that we review de novo. *City of Dallas v. Sanchez*, 494 S.W.3d 722, 725 (Tex. 2016); *Boswell v. Ector Co. Ind. Sch. Dist.*, No. 11-15-00013-CV, 2016 WL 1443606, at *2 (Tex. App.—Eastland Apr. 7, 2016, pet. denied) (mem. op.). When we determine whether the cause of action has any basis in law or fact, we construe the pleadings liberally in favor of the plaintiff, look to the pleader's intent, and accept as true the factual allegations in the pleadings. *Id.* We apply the fair notice pleading standard applicable in Texas to determine whether the allegations of the petition are sufficient to allege a cause of action. *Wooley v. Schaffer*, 447 S.W.3d 71, 76 (Tex. App.—Houston [14th Dist.] 2014, pet. denied). When we gauge the sufficiency of pleading allegations to allege a cause of action, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *GoDaddy.com, LLC v. Toups*, 429 S.W.3d 752, 754 (Tex. App.—Beaumont 2014, pet. denied) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

In our review of the trial court's ruling in this case, under the standards that we have set out, we have experienced some difficulty in our quest to understand Appellant's pleading. In the style of his pleading, Appellant included the words "Breach of Trust, Defamation, Slander, Fraud, Terrorism, [and] Tax Evasion." However, in the case information sheet that Appellant filed in the trial court, when directed to check the appropriate box for the type of case he is filing, he has checked the box for "Other" and has written in "BREACH OF TRUST."

As best as we can tell from the petition that Appellant filed in the trial court, he complains that Appellee committed breach of trust, defamation, slander, tax evasion, terrorism, and fraud against the State of Texas and the State of Tennessee. But, even under the most liberal construction of Appellant's petition, he does no more than name those claims. Appellant has failed to plead even "threadbare" recitals of the elements of any of those causes of action, much less any facts, conclusory or otherwise, to support them.

In his petition, Appellant claims that on April 13, 2013, "a trust was expressed between the Grantor/Settlor/Beneficiary michael-allen:wells and ASSEMBLERS, INC. under the trust name MICHAEL ALLEN WELLS (47-6931861)(See Exhibit A, Pages 5 through 15.)." Exhibit A, to which Appellant refers in connection with the trust, contains a noncompetition agreement; an authorization for direct deposit; an employee evaluation form; an acknowledgement of the receipt of an employees' manual; a notification from the Internal Revenue Service, which bears the seal of the IRS, of the assignment of an employer identification number to Michael Allen Wells, William T. Neary, "TTEE"; an instrument not bearing the seal of the IRS that is entitled "SUBSTITUTE IRS Form W-8BEN 'Certificate of Foreign Status of Beneficial Owner for United States Tax Withholding'"; an instrument not bearing the seal of the IRS that is entitled "SUBSTITUTE IRS Form W-8IMY 'Certificate of Foreign Intermediary or Certain U.S. Branches for United States Tax

3

Withholding'"; Appellant's certified birth certificate from the State of California; and a page that contains only the notation, "Ambassador Penitentiary Grantor/Settlor/Beneficiary Michael-allen: Wells of the Body of Messiah." None of the items in Exhibit A constitute pleadings of the elements necessary to establish a trust, nor do they constitute facts relative to the breach of any trust.

Appellant has also attached Exhibits B, C, D, E, F, G, H, and I to his petition. Those exhibits contain correspondence regarding payment for mileage and working conditions, a W-2 from 2016, a welcome to a workplace savings plan, a distribution statement regarding a 401k, correspondence between Appellant and Appellee regarding changes from W-2 employee to 1099 employee, a determination of benefits statement from the Texas Workforce Commission, correspondence between Appellant and Appellee regarding alleged violations of the noncompetition agreement, a copy of the application that Appellee filed with the Texas Secretary of State for registration as a foreign for-profit corporation, and a computer-generated response from the Texas Secretary of State to a business organization inquiry that pertained to Appellee. None of these exhibits or any inferences reasonably drawn from them are germane to show any basis in law that would entitle Appellant to the relief he seeks for breach of trust, defamation, slander, tax evasion, terrorism, or fraud committed against the State of Texas and the State of Tennessee.

Not to add to Appellant's pleading, but to better understand it, we looked to the brief that he filed with this court, even though it is wholly deficient under Rule 38.1 of the Texas Rules of Appellate Procedure. *See* TEX. R. APP. P. 38.1 (setting forth the requisites for an appellant's brief). That has not been a helpful exercise. We do, however, find it noteworthy that in his brief, Appellant states that the action that he brought against Appellee is "a civil action for breach of trust"; he does not reference any of the other one-word causes of actions that he mentioned in his pleadings.

4

In his brief, Appellant refers to the Declaration of Independence as the basic trust out of which his claims arose. He claims that the "trust is a sub-trust of the July 4. 1776 trust The Declaration of Independence that was created by the founding fathers of this nation as evidence cited." Appellant's brief contains extensive quotations from the Declaration of Independence, extensive quotations from the Old Testament book of Deuteronomy, and from Chancery Court opinions; some of Appellant's references and quotations are in the French language.

In his brief to this court, Appellant attempts to add the trial court as a "Respondent: "Trustee." Additionally, in that brief, Appellant has designated the sitting justices of this court (those sitting at the time that he filed his brief) as Trustees and asks that this court overturn the trial court's order and reschedule the trial for Passover week; engage in a conference call with United States Attorney General Jefferson Beauregard Sessions III, the purpose of which would be to notify him of the existence of this case; and, to "inform the corporate State of Texas that they are under the jurisdiction of this Trust and to act accordingly." Appellant refers to Appellee's lawyers as Trustee Agents and seeks to have them "remain mute during the trial." Appellant also states in his brief that he wants the trial court to provide live video coverage of the trial to all major television networks and that rebroadcasts are to occur monthly for one year.

Appellant also asks us, among other things, to give "Trustee [the trial court]" two options "to correct his Breach of Trust: a) reimburse the Grantor/Settlor the cost of the appeal and pay for all subpoenas/summons in this case and reside [sic] over the case to keep the defendant's Trustee Agents (all esquires) in line; b) Or, pay a fine of 50,000.00 one-ounce Republic of Texas silver 99% medallions to the Grantor/Settlor Treasurer of the trust and resign from public office now, never to serve again in public office in any capacity in the future." There are many other similar statements and requests, but we see no need to detail more of them.

5

We have also sought enlightenment from the reply brief that Appellant filed in this court. That has been an equally unavailing pursuit. For us to comment further on the content of that reply brief would be of no benefit.

Within the confines that we have set forth, and the portions of the record to which we have referred, we are called upon to decide these issues as set forth by Appellant:

1. Did the Trustee Thomas M. Wheeler (trial judge) err in not allowing critical evidence presented at trial to be put into the record?

2. Is there factually sufficient evidence to support the judgment of the Trustee Thomas M. Wheeler (trial judge)?

3. Did the Trustee Assemblers Inc. fail in there (sic) fiduciary duties as a Trustee of the Trust?

4. Did the Trustee Assemblers Inc. have the authority to terminate the Trust?

5. Did the Trustee Thomas M. Wheeler (trial judge) fail in his fiduciary duties as a Trustee of the Trust?

6. Did the Trustee Thomas M. Wheeler (trial judge) have the authority to terminate the Trust?

Although all six of the issues can be answered together, we will answer the first issue separately. By the express provisions of the rule, with some exceptions not applicable here, the trial court is not allowed to consider evidence when it rules on the motion to dismiss. TEX. R. CIV. P. 91a.6. We overrule Appellant's first issue on appeal.

As to the remaining five issues on appeal, the only question that we are to decide on appeal is whether the trial court erred when it granted Appellee's motion to dismiss. We have liberally and thoroughly examined Appellant's pleading and find that the allegations in that pleading have no basis in law because, even if taken as true, along with any inferences to be reasonably drawn from the allegations, they

6

do not show that Appellant is entitled to relief.  Because we have found that Appellant's pleadings are devoid of any basis in law, we need not decide whether Appellant's pleadings have any basis in fact.  *Id.*  We overrule issues two through six.

We affirm the order of the trial court.

PER CURIAM

January 17, 2019

Panel consists of: Bailey, C.J.,
Stretcher, J., and Wright, S.C.J.[1]

Willson, J., not participating.

---

[1]Jim R. Wright, Senior Chief Justice (Retired), Court of Appeals, 11th District of Texas at Eastland, sitting by assignment.