**In The**

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

**NO. 09-21-00011-CV**
_____

**MATTHEW L. WEBB, Appellant**

**V.**

**WALMART STORES TEXAS, LLC, Appellee**

_____

**On Appeal from the 284th District Court**
**Montgomery County, Texas**
**Trial Cause No. 20-09-11360-CV**
_____

**MEMORANDUM OPINION**

Webb appeals the trial court's dismissal of his claim pursuant to Rule 91a of

the Texas Rules of Civil Procedure. Tex. R. Civ. P. 91a.1. Finding no reversible

error, we affirm the trial court's order of dismissal.

**Background**

In April of 2017, Webb obtained prescription medication at Walmart's

pharmacy; in September of 2020, Webb sued Walmart on the basis of that

1

transaction. Although Webb's pleadings are not a model of clarity, it appears that he alleged to have sustained personal injuries and resulting loss of business revenue due to Walmart's failure to warn him about drug interactions. Webb pleaded his claims against Walmart as negligence, professional malpractice, and violations of the Texas Deceptive Trade Practices-Consumer Protection Act ("DTPA"). Tex. Bus. & Com. Code Ann. § 17.50(a)(3).

Walmart answered and pleaded that Webb's claims were barred by limitations. Tex. R. Civ. P. 94. Walmart timely filed a motion to dismiss the case as a baseless claim, asserting that Webb's suit had no basis in law or fact.[1] Tex. R. Civ. P. 91a.1. The trial court conducted a hearing on Walmart's motion and granted it; this appeal ensued.

### Standard of Review

We apply a de novo standard of review to the merits of a dismissal granted pursuant to Rule 91a. *See City of Dall. v. Sanchez*, 494 S.W.3d 722, 724 (Tex. 2016). We do so "because the availability of a remedy under the facts alleged is a question of law and the rule's factual-plausibility standard is akin to a legal-sufficiency review." *Id*. *See also Wooley v. Schaffer*, 447 S.W.3d 71, 75-76 (Tex. App.—

---

[1] Walmart's Rule 91a motion to dismiss does not specifically reference the statute of limitations, but Walmart did discuss the matter at the December 11, 2020 hearing on that motion, indicating that the limitations issue precluded Webb's claim from having any basis in law, as contemplated by the cited rule.

Houston [14th Dist.] 2014, pet. denied); *cf. Marsh USA, Inc. v. Cook*, 354 S.W.3d 764, 768 (Tex. 2011) (application of the law to undisputed facts is reviewed de novo); *City of Keller v. Wilson*, 168 S.W.3d 802, 827 (Tex. 2005) ("[L]egal-sufficiency review in the proper light must credit favorable evidence if reasonable jurors could, and disregard contrary evidence unless reasonable jurors could not."). *Id.*

**Analysis**

Webb's claims for personal injury and DTPA violations are subject to a two-year statute of limitations. Tex. Civ. Prac. & Rem. Code Ann. § 16.003(a); *See In re Springs Condos., LLC,* No. 03-21-00493-CV, 2021 WL 5814292, at *2 (Tex. App.—Austin Dec. 8, 2021, orig. proceeding) (mem. op.); Tex. Bus. & Com. Code Ann. § 17.565; *See Gonzales v. Southwest Olshan Found. Repair Co., LLC*, 400 S.W.3d 52, 57-58 (Tex. 2013). A health care liability claim is also governed by the two-year statute of limitations. Tex. Civ. Prac. & Rem. Code Ann. § 74.251(a). *Kovaly v. Kuruvanka*, 497 S.W.3d 539, 544 (Tex. App.—Houston [1st Dist.] 2016, pet. denied)

Webb, himself, alleged that Walmart's alleged tortious conduct occurred in April of 2017, and the record reflects that he did not file suit until September of 2020, substantially more than two years after his purported cause of action arose. His claim is therefore barred unless the discovery rule applies under the facts of this

case. *See Estate of Jobe v. Berry*, 428 S.W.3d 888, 898-99 (Tex. App.—Texarkana 2014, no pet.) (explaining the application of the discovery rule).

Although Webb's professed cause of action arose in April of 2017, when he filled the prescriptions, we will assume for the purpose of this analysis that the discovery rule tolled the statute of limitations, as he has alleged. We therefore must determine whether Walmart has satisfied its burden of negating the discovery rule, by showing when, "'in the exercise of reasonable care and diligence,'" Webb would have discovered the existence of the injury alleged, thereby causing the statute to begin running. *Id.* at 899.

Walmart has noted that as early as August and September of 2017, Webb purchased expert reports with the expectation that these reports would satisfy the requirements of § 74.351(a) of the Texas Civil Practice and Remedies Code. Although these reports do not specifically reference either of the prescription medications at the heart of the instant case, Webb must have considered the reports relevant to this case because he attached them to various pleadings, motions, and briefs that he filed in the trial court and in this court. We interpret these documents and Webb's actions with respect to them as Webb's acknowledgement that he knew in the autumn of 2017, three years before filing suit, that he ostensibly had sustained the injury made the basis of this case. Although Webb may not have known then "the specific cause of the injury or the full extent of it[,]" such gaps in his knowledge

4

will not save his discovery rule argument, because a "cause of action accrues for limitations purposes when a claimant learns of an injury, even if the rest of the essential facts are unknown." *See In re Springs Condos*., 2021 WL 5814292, at *3 (internal quotations and citations omitted). Therefore, based solely on the pleading of the cause of action, together with exhibits attached by Webb to his pleadings, it has not been shown that the trial court erred in finding that the allegations pleaded by Webb, when taken as true, together with inferences reasonably drawn from them, do not entitle Webb to the relief sought. Tex. R. Civ. P. 91a.1, 91a.6.

## Conclusion

Because Webb's causes of actions pleaded, together with exhibits attached by Webb to his pleadings, are barred by a two-year statute of limitations, and because the record reflects that application of the discovery rule could not establish an exception to the statute of limitations, it has not been shown that the trial court erred by finding Webb's claims have no basis in law and dismissed Webb's causes of action. We therefore affirm the trial court's order of dismissal of December 13, 2020.

AFFIRMED.

_____
CHARLES KREGER
Justice

Submitted on June 2, 2022
Opinion Delivered July 14, 2022

Before Kreger, Horton and Johnson, JJ.

5