ACCEPTED
01-15-00567-CV
FIRST COURT OF APPEALS
HOUSTON, TEXAS
11/16/2015 7:38:25 PM
CHRISTOPHER PRINE
CLERK

No. 01-15-00567-CV

| | |
|---|---|
| IN THE COURT OF APPEALS FOR THE FIRST DISTRICT OF TEXAS SITTING AT HOUSTON | FILED IN 1st COURT OF APPEALS HOUSTON, TEXAS 11/16/2015 7:38:25 PM CHRISTOPHER A. PRINE Clerk |

DON PETERSON, MACKEY PETERSON, TONYA PETERSON, AND LONNY PETERSON,

      Appellants,

v

SILVERADO SENIOR LIVING, INC., d/b/a SILVERADO SENIOR LIVING – SUGAR LAND,

      Appellee.

On Appeal from
Probate Court No. One, Harris County, Texas
Honorable Lloyd Wright, presiding
Trial Court Cause No. 427,208-401
on transfer from the 129th Judicial District Court,
Harris County, Texas, Cause No. 2014-40980

APPELLANTS' BRIEF

Respectfully submitted,

Philip M. Ross

ORAL ARGUMENT REQUESTED

State Bar No. 017304200
1006 Holbrook Road
San Antonio, Texas 78218
Phone: 210/326-2100
Email: ross_law@hotmail.com

By:   /s/ Philip M. Ross
        Philip M. Ross
        Attorney for Appellants

## IDENTITY OF PARTIES AND COUNSEL

Party:                                              Counsel:

Don Peterson                                        Philip M. Ross
Mackey Peterson                                     State Bar No. 17304200
Tonya Peterson                                      1006 Holbrook Road
Lonny Peterson                                      San Antonio, Texas 78218
                                                    Phone: 210/326-2100
Appellants                                          Email: ross_law@hotmail.com

Silverado Senior Living, Inc.                       Josh Davis
dba Silverado Senior Living -                       State Bar No. 24031993
Sugar Land                                          Lewis Brisbois Bisgaard & Smith,
                                                    LLP
                                                    Weslayan Tower, Suite 1400
Appellee                                            24 Greenway Plaza
                                                    Houston, Texas 77046
                                                    Phone: 713-659-6767
                                                    Email: josh.davis@lewisbrisbois.com

TABLE OF CONTENTS

Page

IDENTITY OF PARTIES AND COUNSEL ..………………….……… ii

TABLE OF CONTENTS ……………………………………….…… iii

INDEX OF AUTHORITIES …………………………………….. vii

STATEMENT OF THE CASE ……………………….……..………. 2

STATEMENT OF JURISDICTION ………………………….. 3

STATEMENT REGARDING THE RECORD..………………….… 3

ISSUES PRESENTED …………………………………….. 4

ISSUE NO. 1: Whether the trial court granted Silverado's Rule 91a motion to dismiss Appellants' claims for false imprisonment, assault and battery, and conspiracy in error on November 10, 2014, notwithstanding Appellants' subsequently filed Fifth Amended Petition, which adequately stated facts supporting their claims.

ISSUE NO. 2: Whether the trial court granted Silverado's plea to the jurisdiction in error on January 9, 2015, although Appellants' Fifth Amended Petition stated facts supporting the trial court's jurisdiction over their claims for relief.

ISSUE NO. 3: Whether the trial court granted Silverado's Rule 91a motion to dismiss Appellants' claims for breach of trust and/or breach of fiduciary duty in error on January 9, 2015, although Appellants' Fifth Amended Petition adequately stated facts supporting the trial court's jurisdiction over their claims for relief.

ISSUE NO. 4:     Whether the trial court denied Appellants' motion to reconsider the Orders granting Silverado's Rule 91a motion to dismiss and motion for sanctions in error on January 9, 2015, although Appellants' Fifth Amended Petition adequately stated facts supporting the trial court's jurisdiction over their claims for relief.

ISSUE NO. 5:     Whether the trial court granted Silverado's application for attorney's fees pursuant to Rule 91a Order entered on November 10, 2014 in error on January 9, 2015, although Appellants' Fifth Amended Petition adequately stated facts supporting the trial court's jurisdiction over their claims for relief, such that the motions for dismissal of Appellants' claims should have been denied.

ISSUE NO. 6:     Whether Appellants may be entitled to declaratory judgment as a matter of law that the 1993 Durable Power of Attorney appointing Carol Manley and David was revoked as of November 15, 2013 pursuant to Tex. Civ. Prac. & Rem. Code 37.001-37.005 et seq.

STATEMENT OF FACTS AND PROCEDURAL BACKGROUND … 5

STANDARD OF REVIEW …......…………………………………. 15

SUMMARY OF ARGUMENT ……………………………………. 19

ARGUMENT AND AUTHORITIES ……………………………... 20

ISSUE NO. 1: Whether the trial court granted Silverado's Rule 91a motion to dismiss Appellants' claims for false imprisonment, assault and battery, and conspiracy in error on November 10, 2014, notwithstanding Appellants' subsequently filed Fifth Amended Petition, which adequately stated facts supporting their claims. …..................................................................................... 20

ISSUE NO. 2: Whether the trial court granted Silverado's plea to the jurisdiction in error on January 9, 2015, although Appellants' Fifth Amended Petition stated facts supporting the trial court's jurisdiction over their claims for relief. …............................................................................... 24

ISSUE NO. 3: Whether the trial court granted Silverado's Rule 91a motion to dismiss Appellants' claims for breach of trust and/or breach of fiduciary duty in error on January 9, 2015, although Appellants' Fifth Amended Petition adequately stated facts supporting the trial court's jurisdiction over their claims for relief. …............................................................................... 25

ISSUE NO. 4: Whether the trial court denied Appellants' motion to reconsider the Orders granting Silverado's Rule 91a motion to dismiss and motion for sanctions in error on January 9, 2015, although Appellants' Fifth Amended Petition adequately stated facts supporting the trial court's jurisdiction over their claims for relief. …............................................................................... 25

ISSUE NO. 5: Whether the trial court granted Silverado's application for attorney's fees pursuant to Rule 91a Order entered on November 10, 2014 in error on January 9, 2015, although Appellants' Fifth Amended Petition adequately stated facts supporting the trial court's jurisdiction over their claims for relief, such that the motions for dismissal of Appellants' claims should have been denied. …............................................................................... 28

ISSUE NO. 6: Whether Appellants may be entitled to declaratory judgment as a matter of law that the 1993 Durable Power of Attorney appointing Carol Manley and David was revoked as of November 15, 2013 pursuant to Tex. Civ. Prac. & Rem. Code 37.001-37.005 et seq. …............................................................................... 34

v

CONCLUSION and PRAYER…………………..…………….....   36

CERTIFICATION …………………………………....…………..   36

CERTIFICATE OF COMPLIANCE …..................................   37

CERTIFICATE OF SERVICE  …………………….……...…...   37

vi

# INDEX OF AUTHORITIES

CASES                                                    PAGE(S)

*Ashcroft v. Iqbal*
556 U.S. 662 (2009) …...................................................…   18

*Bart Turner & Assocs. v. Krenke*
No. 3:13–CV–2921–L, 2014 WL 1315896, at *5
(N.D.Tex. Mar. 31, 2014) …...........................................…   19

*Bell Atl. Corp. v. Twombly*
550 U.S. 544 (2007) …...................................................…   18

*City of Keller v. Wilson*
168 S.W.3d 802 (Tex.2005) …........................................…   17

*Erickson v. Pardus*
551 U.S. 89 (2007) …....................................................…   18

*Godaddy.com, LLC v. Toups*
429 S.W.3d 752 (Tex. App., 2014) …...........................…   16, 18

*Harris Cnty. Hosp. Dist. v. Textac Partners I*
257 S.W.3d 303 (Tex.App.-Houston
[14th Dist.] 2008, no pet.) …........................................…   16

*In re Katrina Canal Breaches Litig.*
495 F.3d 191 (5th Cir.2007) …......................................…   17

*In the Matter of Estate of Perry*
No. 04-06-00205-CV (Tex. App. 8/15/2007) …................…   24

*James v. Brown*
637 S.W.2d 914 (Tex., 1982) …....................................…   24

*Lehmann v. Har-Con Corp.*
39 S.W.3d 191 (Tex. 2001) …........................................…   3

CASES                                                                    PAGE

*Massey v. Armco Steel Co.*
652 S.W.2d 932 (Tex. 1983) …..................................................  24

*Moore's Inc. v. Garcia*
604 S.W.2d 261 (Tex.Civ.App.--Corpus Christi 1980
writ ref'd n.r.e.) …..............................................................  24

*Nexion Health at Beechnut, Inc. v. Paul*
335 S.W.3d 716 (Tex.App.-Houston
[14th Dist.] 2011, no pet.) …....................................................  16

*Operation Rescue-National v. Planned Parenthood*
 *of Houston & Southeast Tex., Inc.*
975 S.W.2d 546 (Tex. 1998) …..................................................  24

*Roark v. Allen*
633 S.W.2d 804 (Tex.1982) …...................................................  19

*Scanlan v. Tex. A & M Univ.*
343 F.3d 533 (5th Cir.2003) …...................................................  18

*Singleton v. Casteel*
267 S.W.3d 547 (Tex.App.-Houston
[14th Dist.] 2008, pet. Denied) …............................................  16, 18

*Tex. Dep't of Parks & Wildlife v. Miranda*
133 S.W.3d 217 (Tex.2004) …...................................................  16, 17

*Wooley v. Schaffer*
447 S.W.3d 71 (Tex. App., 2014) …...............................  15, 16, 17, 19

viii

STATE STATUTES AND RULES                    PAGE(S)

Federal Rule of Civil Procedure 12(b)(6).10  …........................  17, 18

Tex. Civ. Prac. & Rem. Code Ann. § 51.014 ...................................  3

Tex. Civ. Prac. & Rem. Code 37.001-37.005 et seq.  …..................  34

TEX. R. APP. P. 25.1(a)  ................................................................  3

TRCP Rule 91a  …........................................................................  passim

No. 01-15-00567-CV

---

IN THE COURT OF APPEALS FOR
THE FIRST DISTRICT OF TEXAS
SITTING AT HOUSTON

---

DON PETERSON, MACKEY PETERSON, TONYA PETERSON, AND
LONNY PETERSON,

     Appellants,

v

SILVERADO SENIOR LIVING, INC., d/b/a SILVERADO SENIOR LIVING –
SUGAR LAND,

     Appellee.

---

On Appeal from
Probate Court No. One, Harris County, Texas
Honorable Lloyd Wright, presiding
Trial Court Cause No. 427,208-401
on transfer from the 129th Judicial District Court,
Harris County, Texas, Cause No. 2014-40980

---

APPELLANTS' BRIEF

---

TO THE HONORABLE JUSTICES OF THE FIRST COURT OF APPEALS:

NOW COME, Don Peterson, Mackey Peterson, Tonya Peterson, and

Lonny Peterson ("Appellants"), by and through the undersigned attorney at law,

1

and file this appeal from the Final Orders of the trial court dismissing their claims against Silverado Senior Living, Inc., dba Silverado Senior Living – Sugar Land ("Silverado") pursuant to TRCP Rule 91a and awarding sanctions and attorney's fees, and would show the Court as follows:

STATEMENT OF CASE

Appellants filed their Fifth Amended Petition on December 4, 2014 seeking a declaratory judgment regarding the validity of powers of attorney executed in 1993 and revoked by Ruby S. Peterson ("Mrs. Peterson") on November 15, 2013, as well as, claims for false imprisonment, assault and battery, breach of fiduciary duty and conspiracy related to Silverado's conduct related to Appellants and their mother Mrs. Peterson. (CR2 page 1537-1555). The Appellants' claims accrued, when Mrs. Peterson's adult children Carol Ann Manley and David Peterson, acting pursuant to 1993 powers of attorney, denied Mrs. Peterson's repeated requests to leave Silverado, which disregarded Mrs. Peterson's execution of a new power of attorney and revocation of her prior powers of attorney. Appellants claim that they suffered damages as a proximate result of Silverado's actions falsely imprisoning Mrs. Peterson, preventing Appellants from visiting her, involuntarily drugging her, breaching its fiduciary duty, and conspiring with Carol Ann Manley and David Peterson to violate

Appellants' and Mrs. Peterson's rights.

The Appellants respectfully submit that the trial court granted Silverado's motions for dismissal and attorney's fees pursuant to TRCP Rule 91a in error because Appellants' Fifth Amended Original Petition alleges facts that support all their claims for which relief may be granted. (CR2 page 1537-1555).

## STATEMENT OF JURISDICTION

Appellants invoked the jurisdiction of this Court by filing their notice of this appeal pursuant to TEX. R. APP. P. 25.1(a). Appellants submit that they have complied with all conditions precedent to invoking the jurisdiction of the First Court of Appeals. As a general rule, a party may appeal only from a final judgment. *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001). This Court has jurisdiction over appeals from final decisions of trial courts and from interlocutory orders as provided by statute. *Id.*; see Tex. Civ. Prac. & Rem. Code Ann. § 51.014 (Vernon Supp. 2006).

## STATEMENT REGARDING THE RECORD

The Clerk's Record consisting of three volumes has been filed. The Reporter's Record consisting of thirteen volumes has been filed.

ISSUES PRESENTED

ISSUE NO. 1: Whether the trial court granted Silverado's Rule 91a motion to dismiss Appellants' claims for false imprisonment, assault and battery, and conspiracy in error on November 10, 2014, notwithstanding Appellants' subsequently filed Fifth Amended Petition, which adequately stated facts supporting their claims.

ISSUE NO. 2: Whether the trial court granted Silverado's plea to the jurisdiction in error on January 9, 2015, although Appellants' Fifth Amended Petition stated facts supporting the trial court's jurisdiction over their claims for relief.

ISSUE NO. 3: Whether the trial court granted Silverado's Rule 91a motion to dismiss Appellants' claims for breach of trust and/or breach of fiduciary duty in error on January 9, 2015, although Appellants' Fifth Amended Petition adequately stated facts supporting the trial court's jurisdiction over their claims for relief.

ISSUE NO. 4: Whether the trial court denied Appellants' motion to reconsider the Orders granting Silverado's Rule 91a motion to dismiss and motion for sanctions in error on January 9, 2015, although Appellants' Fifth Amended Petition adequately stated facts supporting the trial court's jurisdiction over their

4

claims for relief.

ISSUE NO. 5:     Whether the trial court granted Silverado's application for attorney's fees pursuant to Rule 91a Order entered on November 10, 2014 in error on January 9, 2015, although Appellants' Fifth Amended Petition adequately stated facts supporting the trial court's jurisdiction over their claims for relief, such that the motions for dismissal of Appellants' claims should have been denied.

ISSUE NO. 6:    Whether Appellants may be entitled to declaratory judgment as a matter of law that the 1993 Durable Power of Attorney appointing Carol Manley and David was revoked as of November 15, 2013 pursuant to Tex. Civ. Prac. & Rem. Code 37.001-37.005 et seq.

## STATEMENT OF FACTS AND PROCEDURAL BACKGROUND

At the time of filing of the guardianship proceeding, Mrs. Peterson was the 92-year old mother of Mack, Don, Lonny, David and Carol. Mrs. Peterson was a resident at Silverado Senior Living – Sugar Land ("Silverado") at all times relevant to this case.  (CR2 page 1539).

In 1993, Mrs. Peterson and her husband, both now deceased, executed a durable power of attorney appointing Carol and David as their agents.   (CR2 page 1539).

On or about August 27, 2013, purportedly acting pursuant to the 1993 power of attorney, David and Carol moved Mrs. Peterson to Silverado, which is a locked memory care facility. (CR2 page 1539).

Shortly after Carol and David moved Mrs. Peterson to Silverado they obtained a letter from Dr. Chris Merkl, M.D. stating that Mrs. Peterson had severe dementia. (CR2 page 1540) (RR Vol. 5 page 221, lines 2-25; page 222, lines 1-24; RR Vol. 9, page 111, lines 1-25; page 112, lines 1-14) Carol and David used Dr. Merkl's diagnosis as authority for their actions as Mrs. Peterson's agents for making her medical decisions. (CR2 page 1540). Dr. Merkl's diagnosis of severe dementia was contradicted by his own subsequent testimony and the testimony of Dr. John Tennison, M.D. (RR Vol. 6 page 221, lines 19-25, page 222, lines 1-22; Vol. 8, page 59, lines 6-25, page 60, lines 1-2).

Appellants alleged that Carol Manley and David did not have lawful authority to act as Mrs. Peterson's medical agents because Dr. Merkl's diagnosis was invalid and Mrs. Peterson did not lack capacity to decide where she did or did not want to live. (CR2 page 1540). Nevertheless, Silverado refused to allow Mrs. Peterson to go to church, to restaurants or to the Appellants' homes from September 2013 until November 2014, when Appellants settled their claims against Carol Manley and David in the guardianship matter and this case. (CR2

page 1540).

Appellants alleged and offered evidence that Mrs. Peterson complained about the conditions of her residency at Silverado. When Mrs. Peterson refused to take her medication voluntarily, Silverado staff mixed her drugs in a drink and told her it was a vitamin drink. (CR2 page 1541) (RR Vol. 5, page 109, lines 16-25; page 110, lines 1-18). Carol Manley testified that she agreed with Dr. Merkl's opinion that it was okay to give Mrs. Peterson drugs against her will by deceiving her. (RR Vol. 8, page 365, lines 17-20). David Peterson testified that one of the reasons he agreed to keep Mrs. Peterson at Silverado was because they were able to do whatever it took to medicate Mrs. Peterson, when she refused. (RR Vol. 9, page 113, lines 2-23). David Peterson also agreed with Dr. Merkl that it was often appropriate for Silverado to trick Mrs. Peterson into taking medications involuntarily. (RR Vol. 8, page 365, lines 1-20). Silverado had a custom or practice of lying or tricking a patient into taking medication if recommended by a doctor. (RR Vol. 9, page 2127, lines 1-20). (CR2 page 1541).

Mrs. Peterson asked to leave Silverado to go out to eat with Don and his wife. She asked to go to the church of her choice in Baytown. She asked to go visit Mack and his wife at their home in Wimberly, Texas. After Silverado

repeatedly denied her requests to go to the church of her choice, go out to eat and go to visit Mack at his home, Mrs. Peterson revoked the 1993 power of attorney on November 15, 2013, and she executed a new durable power of attorney appointing her sons Mack and Don as her agents. (CR1 pages 67 and 68-72; CR2 page 1542). Don Peterson testified regarding the facts and circumstances of Ruby signing the revocation of her 1993 durable and medical power of attorney. (RR Vol. 8, pages 227, lines 23-25; pages 228-231). The revocation was offered and admitted. (RR Vol. 8, page 232, lines 4-11).

Appellants alleged that Silverado had a duty to acknowledge the 2013 revocation of the 1993 Durable and Medical Power of Attorney. However, Silverado wrongfully refused to acknowledge the 2013 revocation of the 1993 medical power of attorney, which it continued to honor after it had notice of revocation on November 15, 2013. (RR Vol. 9, page 209, lines 1-25; page 210, lines 1-11). Silverado acted in bad faith because it knew or should have known that the 1993 power of attorney had been revoked by Mrs. Peterson on November 15, 2013.

Appellants requested emergency injunctive relief, which was denied after a four-day hearing. Appellants respectfully submit that denial of temporary injunctive relief was an abuse of discretion, for which they lacked an immediate

legal remedy under the facts and circumstances of this case. However, the Appellants compromised and settled their claims against Carol Manley and David in November 2014. (CR2 pages 1387-1390). The settlement included agreements that Appellants would not be prevented from visiting Mrs. Peterson together as a family, and she would be allowed to go to church, to restaurants and to the homes of her sons and their wives. Carol Manley and David also agreed to move Mrs. Peterson from Silverado to another memory care facility in the Houston area. (CR2 pages 1387-1390).

Appellant Tonya Peterson alleged that she had standing to assert her claims against Silverado. Tonya Peterson also submitted that she had standing as next friend of Mrs. Peterson to assert her claims against Silverado because Mrs. Peterson's agents Carol Manley and David Peterson failed or refused to assert valid claims on her behalf, and she had a right to assert the claims.

Appellants alleged and offered evidence that Silverado unreasonably and unlawfully restrained Mrs. Peterson from leaving its facility; neglected her medical care and treatment; unreasonably and unlawfully restricted her communication and association with her family; denied her right to refuse to take medications that made her feel sick; over-sedated her at times to control her behavior in reaction to denial of her requests to leave or move away; failed or

9

refused to provide adequate medical treatment to maintain and improve her health; and/or retaliated against her and her family for asserting Mrs. Peterson's rights to leave Silverado and move to a nursing home near her church and friends in Baytown, live in the community with her son Mack, go to church, go to lunch, visit her family in their homes, and/or receive adequate medical care and treatment in order to maintain or improve her health. (CR2 pages 1006-1015; 1017-1020; 1021-1025; and 1031-1039).

Silverado relied on the 1993 power of attorney appointing Carol and David as Mrs. Peterson's agents to manage her finances and make medical decisions for her if she became incapacitated. However, Appellants alleged and offered evidence that on or about November 15, 2013 Mrs. Peterson did not lack capacity and was presumed to have capacity to (1) decide where she did or did not want to live, (2) refuse to take medications that made her sick, (3) go to the church of her choice, (4) visit with her sons and their wives, (4) revoke her power of attorney and (5) execute new powers of attorney.

When Appellants Don and Mack visited Mrs. Peterson at Silverado in mid-November 2013, she asked them what they were doing to get her out of Silverado. They told her that they hired an attorney. She said, "Hire two. I'll pay for it." (CR2 page 1542) (RR Vol. 5, page 105, lines 12-25; page 106, lines

1-7; page 121, line 25; page 122, lines 1-9). Mrs. Peterson also instructed Don and Mack to bring her a new power of attorney to sign because she wanted to revoke her prior power of attorney and appoint Don and Mack as her agents. (CR2 page 1542)

On November 10, 2013, Don and his wife Carol visited Mrs. Peterson, who stated verbally and in writing that she wanted to leave Silverado and wanted her son to get her an attorney to get her out. (CR2 pages 1006-1015; 1017-1020) (RR Vol. 5, page 47, lines 1-12).

On November 15, 2013, Don and Mack brought Mrs. Peterson document to sign revoking her prior power of attorney and a new power of attorney appointing them as her agents, which she executed before a Notary Public for the State of Texas and a witness. (CR1 pages 67 and 68-72; CR2 page 1542) (RR Vol. 5, page 124, lines 3-13).

Appellants alleged and offered evidence that Mrs. Peterson had legal capacity to revoke her prior power of attorney and execute a new power of attorney, which she voluntarily executed on or about November 15, 2013. (CR2 page 1542) (RR Vol. 5, page 125, lines 18-24; page 223, lines 17-23). Appellants further alleged and offered evidence that Mrs. Peterson had not been judicially determined to lack capacity, and she was presumed to have had

11

capacity in November 2013.

As soon as Silverado's staff noticed that Mrs. Peterson was signing a legal document before a Notary Public, they abruptly terminated her visit with Don and Mack, told them they had to leave and escorted them out of the facility on November 15, 2013. (CR2 page 1543). Later that day, Don recorded the executed powers of attorney and returned to Silverado to move Mrs. Peterson out of Silverado. (CR2 page 1543).

Appellants alleged and offered evidence that Silverado wrongfully refused to accept Mrs. Peterson's new power of attorney and allow her to leave with Don. Instead, Silverado personnel called the City of Sugar Land police and threatened to have Don and Mack arrested for trespass if they did not leave or ever returned. (CR2 page 1543) (RR Vol. 5, page 124, lines 3-23; page 217, lines 23-25; page 218, lines 1-4). In response to their request of when they could see their mother again, a Sugar Land police officer told them "when she's dead." (CR2 page 1543) (RR Vol. 5, page 127, lines 15-18; page 221, lines 2-5). Then, without a court order, Silverado banned Don and his wife, Mack and his wife, and Lonny from visiting Mrs. Peterson under any circumstances. (RR Vol. 5, page 221, lines 10-25; page 222, lines 1-24; Vol. 9, page 72, lines 3-20). On December 9, 2013, Don's wife Carol was visiting Mrs. Peterson in her room for about 30

12

minutes before Silverado asked her who she was, and then, told her she had to leave. (RR Vol. 5, page 16, lines 16-25; page 17, lines 1-17).

Appellants alleged and offered evidence that Silverado falsely imprisoned Mrs. Peterson against her will in a conspiracy with Carol and David. (CR2 page 1544) (RR Vol. 5, page 105, lines 12-25; page 106, lines 1-7). To wit, Silverado has repeatedly refused Mrs. Peterson's requests to leave Silverado to go to lunch, go shopping, attend social events, celebrate holidays with her family, or any other purpose unless approved by Carol or David. (CR2 page 1544) (RR Vol. 5, page 21, lines 15-25; page 22, line 1; page 25, lines 3-25; page 26, lines 1-16).

Evidence showed that it would have been in Mrs. Peterson's best interests for her to be allowed to choose where she lived and to have unrestricted access to all of her children and their spouses. (RR Vol. 5, page 36, lines 2-25; page 37, lines 1-25). Evidence also showed that it was in Mrs. Peterson's interest to be allowed to communicate and associate with her friends and her church. (RR Vol. 5, page 108, lines 1-25; page 109, lines 1-15). There was no reason why Mrs. Peterson could not live in her own apartment and spend her time with friends and family. (RR Vol. 5, page 94, lines 11-25; page 95, lines 1-17; page 98, lines 9-25; page 99, lines 1-13; page 102, lines 6-25; page 103, lines 1-10; page 119, lines 7-25; page 120, lines 1-22). Alternatively, Mrs. Peterson could have

moved to another facility close to her church if she were allowed to leave Silverado. (RR Vol. 5, page 215, lines 10-25; page 216, lines 1-15).

From November 15, 2013 through December 18, 2013, Appellants were denied all contact with their mother until Mack and Don hired a lawyer to sue for guardianship in Probate Court No. 1, Harris County, Texas. (CR2 page 1544).

Appellants alleged and offered evidence that Silverado wrongfully refused to acknowledge the 2013 revocation of the 1993 durable power of attorney. Silverado also wrongfully refused to acknowledge the new Durable Power of Attorney that was executed by Mrs. Peterson on November 15, 2013. (CR2 page 1544).

On or about July 25, 2015, Silverado banned Mrs. Peterson's sons Don and Mack and their wives, and Lonny from visiting her because of its objection to publicity regarding Mrs. Peterson. (RR Vol. 5, page 77, lines 11-25; page 78, lines 1-16; page 192, lines 23-25; page 193, lines 1-4; page 219, lines 13-25; page 220, lines 1-13; Vol. 9, page 73, lines 9-15; page 221; lines 10-21). Silverado's ban on visitation arbitrarily and unreasonably denied Mrs. Peterson and her family their rights to communicate and associate with each other. (RR Vol. 5, page 120, lines 23-25; page 121, lines 1-6).

On October 29, 2015, the parties entered into a binding, non-revocable mediated settlement agreement. (CR2 page 1545). Although, the settlement agreement was not approved by the trial court before Mrs. Peterson died, the settlement included agreements that the Plaintiffs would not be prevented from visiting Ruby together as a family, and Ruby would be allowed to go to church, to restaurants and to the homes of her sons and their wives. (CR2 page 1545). Carol Manley and David also agreed to move Ruby from Silverado to another memory care facility in the Houston area. (CR2 page 1545). Appellants submit that the settlement agreement is evidence that it was arbitrary and unreasonable for Silverado to deny Mrs. Peterson and her adult children and their wives the right to visit as a family, go to church, to restaurants and to their homes prior to the agreement, but not after the agreement. (CR2 page 1387-1390).

Mrs. Peterson died at Silverado on or about January 11, 2015.

## STANDARD OF REVIEW

A court of appeals reviews the trial court's ruling on a Rule 91a motion to dismiss de novo, construing the pleadings liberally in favor of the plaintiff, looking to the pleader's intent, and accepting as true the factual allegations in the pleadings. *Wooley v. Schaffer*, 447 S.W.3d 71, 74 (Tex. App., 2014).

A trial court's ruling on a motion to dismiss in other contexts for abuse of

discretion; however, we review the trial court's ruling on a question of law de novo. *Nexion Health at Beechnut, Inc. v. Paul*, 335 S.W.3d 716, 718 (Tex.App.-Houston [14th Dist.] 2011, no pet.) (applying de novo standard to review motion to dismiss in healthcare liability case when issue was whether service had been effected properly); *Singleton v. Casteel*, 267 S.W.3d 547, 550 (Tex.App.-Houston [14th Dist.] 2008, pet. denied) (applying de novo standard to review motion to dismiss to determine whether official immunity applied under Texas Tort Claims Act); *Harris Cnty. Hosp. Dist. v. Textac Partners I*, 257 S.W.3d 303, 315 (Tex.App.-Houston [14th Dist.] 2008, no pet.) (applying summary judgment standard to review motion to dismiss that addressed claims on merits). The determination of whether a cause of action has a basis in law is, on its face, a question of law, see *Godaddy.com, LLC v. Toups*, 429 S.W.3d 752, 754 (Tex. App., 2014), the language of Rule 91a is less clear as to the determination of whether a cause of action has a basis in fact—in which case "no reasonable person could have believed the facts pleaded"—is a question of law. *Wooley v. Schaffer*, 447 S.W.3d at 75, citing Tex.R. Civ. P. 91a.1.

A Rule 91a motion to dismiss is analogous to pleas to the jurisdiction, which requires a court to determine whether the pleader has alleged facts demonstrating jurisdiction. *Wooley v. Schaffer*, 447 S.W.3d at 75, citing *Tex.*

16

*Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 225–26 (Tex.2004). In that context, the reviewing court construes the pleadings liberally in favor of the plaintiff, look to the pleader's intent, and accepts as true the factual allegations in the pleadings to determine if the pleader has alleged facts that affirmatively demonstrate the trial court's jurisdiction over a claim. Id. at 226.

Rule 91a also requires the court to determine whether a "reasonable person could believe the facts pleaded" to determine whether a pleading has a basis in fact. *Wooley v. Schaffer*, 447 S.W.3d at 75 citing Tex.R. Civ. P. 91a.1. This language is similar to a legal sufficiency challenge, in which the reviewing court asks whether the evidence at trial would enable reasonable people to reach the verdict under review. See *City of Keller v. Wilson*, 168 S.W.3d 802, 827 (Tex.2005).

Federal courts also apply a de novo standard of review to a trial court's ruling on a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6).10 *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir.2007). Rule 91a has unique language allowing dismissal of causes of action with no basis in law or fact. Tex.R. Civ. P. 91a. However, Federal Rule of Civil Procedure 12(b)(6) similarly allows dismissal if a plaintiff fails "to state a claim upon which relief can be granted"; therefore, case law interpreting Rule 12(b)(6) is instructive.

Fed.R.Civ.P. 12(b)(6); *see also GoDaddy*, 429 S.W.3d at 754.

For a complaint to survive a Federal Rule 12(b)(6) motion to dismiss, it must contain "enough facts to state a claim to relief that is plausible on its face." *GoDaddy*, 429 S.W.3d at 754 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Facial plausibility requires facts that allow the court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009)). Essentially, under the federal rules, the complaint is liberally construed in favor of the plaintiff, and all well-pleaded facts are taken as true. Id. (citing *Ashcroft,* 556 U.S. at 678–79 and *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)). But "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (quoting *Ashcroft*, 556 U.S. at 678). Likewise, in determining whether the trial court erred in denying a defendant's motion to dismiss, federal courts take all of the plaintiff's allegations as true. *Id.* (citing *Twombly*, 550 U.S. at 570). Federal Rule 12(b)(6) dismissal is appropriate if the court determines beyond doubt that the plaintiff can prove no set of facts to support a claim that would entitle him to relief. Id. (citing *Scanlan v. Tex. A & M Univ.*, 343 F.3d 533, 536 (5th Cir.2003)).

Both determinations of whether a cause of action has any basis in law and

in fact are legal questions that we review de novo, based on the allegations of the live petition and any attachments thereto. *Wooley v. Schaffer*, 447 S.W.3d at 76. A reviewing court must construe the pleadings liberally in favor of the plaintiff, look to the pleader's intent, and accept as true the factual allegations in the pleadings to determine if the cause of action has a basis in law or fact. In doing so, a reviewing court applies the fair notice pleading standard applicable in Texas to determine whether the allegations of the petition are sufficient to allege a cause of action. See *Roark v. Allen*, 633 S.W.2d 804, 810 (Tex.1982) ("A petition is sufficient if it gives fair and adequate notice of the facts upon which the pleader bases his claim."); see also *Bart Turner & Assocs. v. Krenke,* No. 3:13–CV–2921–L, 2014 WL 1315896, at *5 (N.D.Tex. Mar. 31, 2014) (applying Texas's fair notice pleading standard to determine whether to grant motion to dismiss under Rule 91a).

## SUMMARY OF ARGUMENT

The trial court granted Silverado's Rule 91a motion to dismiss Appellants' claims for false imprisonment, assault and battery, and conspiracy on November 10, 2014 in error because Appellants' subsequently filed their Fifth Amended Petition, which adequately stated facts supporting their claims.

The trial court granted Silverado's plea to the jurisdiction in error on

January 9, 2015 because Appellants' Fifth Amended Petition adequately stated facts supporting the trial court's jurisdiction over their claims for relief.

The trial court granted Silverado's Rule 91a motion to dismiss Appellants' breach of trust and/or breach of fiduciary duty in error on January 9, 2015 because Appellants' Fifth Amended Petition adequately stated facts supporting the trial court's jurisdiction over their claims for relief.

The trial court denied Appellants' motion to reconsider the Orders granting Silverado's Rule 91a motion to dismiss and motion for sanctions in error on January 9, 2015 because Appellants' Fifth Amended Petition adequately stated facts supporting the trial court's jurisdiction over their claims for relief.

The trial court granted Silverado's application for attorney's fees pursuant to Rule 91a Order entered on November 10, 2014 in error on January 9, 2015 because Appellants' Fifth Amended Petition adequately stated facts supporting the trial court's jurisdiction over their claims for relief.

## ARGUMENT AND AUTHORITY

ISSUE NO. 1: Whether the trial court granted Silverado's Rule 91a motion to dismiss Appellants' claims for false imprisonment, assault and battery, and conspiracy on November 10, 2014 in error, notwithstanding Appellants' subsequently filed Fifth Amended Petition, which adequately stated facts

supporting their claims.

Appellants submit that the trial court granted Silverado's Rule 91a motion to dismiss Appellants' claims for false imprisonment, assault and battery, and conspiracy in error because their Fifth Amended Petition adequately stated facts supporting the court's jurisdiction to grant remedies on their claims.

To wit, Appellants' Fifth Amended Petition at ¶¶ 11-14, 22-23 alleges facts, which support their claims for damages related to alleged false imprisonment, assault and battery, and conspiracy as follows:

11 Shortly after Carol Manley and David moved Ruby to Silverado they obtained a letter from Dr. Chris Merkl, M.D. stating that Ruby had severe dementia. Dr. Merkl's diagnosis of severe dementia is contradicted by his own subsequent testimony and the testimony of Dr. John Tennison, M.D. Nevertheless, Carol Manley and David wrongfully used Dr. Merkl's diagnosis as authority for their actions as Ruby's agents for making her medical decisions including deciding that Ruby had to stay at Silverado. Plaintiffs allege and would prove that Carol Manley and David did not have lawful authority to act as Ruby's medical agents because Dr. Merkl's diagnosis was invalid and Ruby did not lack capacity to decide where she did or did not want to live. Nevertheless, Silverado refused to allow Ruby to leave Silverado to go to church, to restaurants or to the Plaintiffs' homes from September 2013 until November 2014, when Plaintiffs settled their claims against Carol Manley and David in the guardianship matter and this case.

12 Plaintiffs allege and would prove that Ruby complained about the conditions of her residency at Silverado. When Ruby refused to take her medication voluntarily, Silverado staff mixed her drugs in a drink and told her it was a vitamin drink. She also complained that

21

her roommate had a pet dog, and she objected to having a dog in her bedroom.

13    Ruby asked to leave Silverado to go out to eat with Don and Carol Peterson.  She asked to go to the church of her choice in Baytown.  She asked to go visit Mack and his wife at their home in Wimberly, Texas.  After Silverado repeatedly denied her requests to go to the church of her choice, go out to eat and go to visit Plaintiffs at their homes, Ruby revoked the 1993 power of attorney on November 15, 2013.

14    Plaintiffs allege and would prove that Silverado unreasonably and unlawfully restrained Ruby from leaving its facility; neglected her medical care and treatment; unreasonably and unlawfully restricted her communication and association with her family; denied her right to refuse to take medications that made her feel sick; over-sedated her at times to control her behavior in reaction to denial of her requests to leave or move away; failed or refused to provide adequate medical treatment to maintain and improve her health; and/or retaliated against her and her family for asserting Ruby's rights to leave Silverado and move to a nursing home near her church and friends in Baytown, live in the community with her son Mack, go to church, go to lunch, visit her family in their homes, and/or receive adequate medical care and treatment in order to maintain or improve her health.

…

22    Plaintiffs allege and would prove that Silverado falsely imprisoned Ruby against her will in a conspiracy with Carol Manley and David from September 2013 until November 2014, when Carol Manley and David settled their claims and defenses in the guardianship matter and this case.  To wit, Silverado  repeatedly refused Ruby's requests to leave for any purpose, although no judge had ordered that Ruby be committed or denied her right to leave Silverado to go to lunch, go shopping, attend social events, celebrate holidays with her family, or any purpose unless approved by Carol

Manley or David. She has been repeatedly denied requests to leave with her sons and their wives.

23    From November 15, 2013 through December 18, 2013, Silverado denied Plaintiffs any opportunity to visit with Ruby.

(CR2 pages 1541-1543).

The Texas Health and Safety Code, Section 166.155 recognizes a person's right to revoke a medical power of attorney regardless of the person's capacity. This section also requires a health care provider, such as Silverado, to verify a medical power of attorney. Appellants submit that Silverado's failure to verify the revocation of Mrs. Peterson's medical power of attorney and the fact that her 1993 power of attorney was revoked in November 2013 show that Silverado was without authority to restrain Mrs. Peterson pursuant to the 1993 power of attorney after it was revoked. Silverado was also without authority to forcibly or deceptively administer medication to Mrs. Peterson, which she refused to take voluntarily because it made her sick. Appellants submit that their pleadings state a claim for assault and battery, for which Mrs. Peterson suffered damages, which also caused harm and injury to Appellants, who were deprived of companionship and society because Mrs. Peterson was drugged during their visits.

Appellants submit that their Fifth Amended Petition at ¶25 alleges facts, which show that Silverado's wrongful actions falsely imprisoning Mrs. Peterson

were arbitrary and unreasonable as follows:

> 25      Plaintiffs Mack, Don and Lonny requested emergency injunctive relief, which was denied after a four-day hearing. Plaintiffs respectfully submit that denial of temporary injunctive relief was an abuse of discretion, for which Plaintiffs lacked an immediate legal remedy under the facts and circumstances of this case. However, Plaintiffs compromised and settled their claims against Carol Manley and David in November 2014, and the settlement was approved by the Probate Court. The settlement included agreements that Plaintiffs will not be prevented from visiting Ruby together as a family, and Ruby will be allowed to go to church, to restaurants and to the homes of her sons and their wives. Carol Manley and David also agreed to move Ruby from Silverado to another memory care facility in the Houston area. …

(CR2 pages 1545).

Appellants further submit that before the mediated settlement agreement in the guardianship proceeding, Silverado arbitrarily and unreasonably restricted Mrs. Peterson's and Appellants' access to each other, but after the settlement agreement, such restrictions were abated. Additionally, Appellants submit that proof of their allegations regarding the effectiveness of the November 2013 power of attorney is further evidence to support their claims for false imprisonment, assault and battery and conspiracy.

The essential elements of false imprisonment are: 1) willful detention; 2) without consent; and 3) without authority of law. *James v. Brown*, 637 S.W.2d 914 (Tex., 1982), citing *Moore's Inc. v. Garcia,* 604 S.W.2d 261 (Tex.Civ.App.--

24

Corpus Christi 1980, writ ref'd n.r.e.)

The elements of a civil conspiracy are: (1) two or more persons; (2) an object to be accomplished; (3) a meeting of minds on the object or course of action; (4) one or more unlawful, overt acts; and (5) damages as the proximate result. *In the Matter of Estate of Perry*, No. 04-06-00205-CV (Tex. App. 8/15/2007) (Tex. App., 2007) citing *Operation Rescue-National v. Planned Parenthood of Houston & Southeast Tex., Inc.*, 975 S.W.2d 546, 553 (Tex. 1998); *Massey v. Armco Steel Co.*, 652 S.W.2d 932, 934 (Tex. 1983).

ISSUE NO. 2: Whether the trial court granted Silverado's plea to the jurisdiction in error on January 9, 2015, although Appellants' Fifth Amended Petition stated facts supporting the trial court's jurisdiction over their claims for relief.

ISSUE NO. 3: Whether the trial court granted Silverado's Rule 91a motion to dismiss Appellants' breach of trust and/or breach of fiduciary duty in error on January 9, 2015, although Appellants' Fifth Amended Petition adequately stated facts supporting the trial court's jurisdiction over their claims for relief.

ISSUE NO. 4: Whether the trial court denied Appellants' motion to reconsider the Orders granting Silverado's Rule 91a motion to dismiss and motion for sanctions in error on January 9, 2015, although Appellants' Fifth Amended

Petition adequately stated facts supporting the trial court's jurisdiction over their claims for relief.

Appellants submit that the trial court granted Silverado's Rule 91a motion to dismiss Appellants' claims for breach of trust and breach of fiduciary duty in error because their Fifth Amended Petition adequately stated facts supporting the court's jurisdiction to grant remedies on their claims.

To wit, Appellants' Fifth Amended Petition at ¶¶ 14-15 & 18-24 alleges facts, which support their claims for damages related to alleged breach of trust and breach of fiduciary duty as follows:

14    Plaintiffs allege and would prove that Silverado unreasonably and unlawfully restrained Ruby from leaving its facility; neglected her medical care and treatment; unreasonably and unlawfully restricted her communication and association with her family; denied her right to refuse to take medications that made her feel sick; over-sedated her at times to control her behavior in reaction to denial of her requests to leave or move away; failed or refused to provide adequate medical treatment to maintain and improve her health; and/or retaliated against her and her family for asserting Ruby's rights to leave Silverado and move to a nursing home near her church and friends in Baytown, live in the community with her son Mack, go to church, go to lunch, visit her family in their homes, and/or receive adequate medical care and treatment in order to maintain or improve her health.

15    Upon information and belief, Silverado relied on the 1993 power of attorney appointing Carol Manley and David as her agents to manage her finances and make medical decisions for her if she became incapacitated.  However, Plaintiffs allege and would prove

26

that on or about November 15, 2013 Ruby did not lack capacity and/or was presumed to have capacity to decide where she did or did not want to live, to refuse to take medications that made her sick, to go to the church of her choice, to visit with her sons and their wives, to revoke her power of attorney and execute a new one.

…

18    On November 15, 2013, Don and Mack brought Ruby a revocation of power of attorney expressly revoking her prior 1993 durable power of attorney. Ruby executed revocation of power of attorney expressly revoking her prior 1993 durable power of attorney before a Notary Public for the State of Texas and a witness.

19    Plaintiffs allege and would prove that Ruby had legal capacity to revoke her prior power of attorney, and she voluntarily executed a revocation of the 1993 power of attorney on or about November 15, 2013.  Plaintiffs further allege and would prove that Ruby has not been judicially determined to lack capacity, and she may be presumed to have had capacity in November 2013.

20  As soon as Silverado's staff noticed that Ruby appeared to be signing a legal document before a Notary Public, they abruptly terminated her visit with Don and Mack, told them they had to leave and escorted them out of the facility on November 15, 2013.  Later that day, Don recorded the executed revocation of medical powers of attorney and returned to Silverado to move Ruby out of Silverado.

21  Plaintiffs Carol and Tonya Peterson allege and would prove that Silverado wrongfully refused to accept Ruby's revocation of medical powers of attorney and allow her to leave with Don.  Instead, Silverado personnel called the City of Sugar Land police and threatened to have them arrested for trespass if they did not leave or ever returned. In response to their request of when they could see their mother again, a Sugar Land police officer told them "when she's dead."  Then, without a court order, Silverado banned Don and his wife Carol Peterson, Mack and his wife Tonya, and Lonny from

visiting Ruby under any circumstances, and it prevented Ruby from leaving Silverado.

22    Plaintiffs allege and would prove that Silverado falsely imprisoned Ruby against her will in a conspiracy with Carol Manley and David from September 2013 until November 2014, when Carol Manley and David settled their claims and defenses in the guardianship matter and this case.    To wit, Silverado repeatedly refused Ruby's requests to leave for any purpose, although no judge had ordered that Ruby be committed or denied her right to leave Silverado to go to lunch, go shopping, attend social events, celebrate holidays with her family, or any purpose unless approved by Carol Manley or David. She has been repeatedly denied requests to leave with her sons and their wives.

23    From November 15, 2013 through December 18, 2013, Silverado denied Plaintiffs any opportunity to visit with Ruby.

24  Plaintiffs Carol and Tonya Peterson allege and would prove that Silverado had a duty to acknowledge the 2013 revocation of the 1993 Durable Power of Attorney, but that Silverado wrongfully refused to acknowledge the 2013 revocation of the 1993 medical power of attorney, and it continued to honor the 1993 power of attorney in bad faith because it knew or should have known that it had been revoked by Ruby in November 2013.

(CR2 pages 1541-1544).

Appellants submit that the trial court granted Silverado's Rule 91a motion to dismiss Appellants' claims for breach of trust and breach of fiduciary duty in error because their Fifth Amended Petition adequately stated facts supporting the court's jurisdiction to grant remedies on their claims.  The Texas Health and

Safety Code, Section 166.155 recognizes a person's right to revoke a medical power of attorney regardless of the person's capacity. This section also requires a health care provider, such as Silverado, to verify a medical power of attorney. Therefore, the trial court's Orders granting Silverado's plea to the jurisdiction, motion to dismiss Appellants' claims for breach of trust and breach of fiduciary duty should be reversed. Additionally, the trial court's Order denying Appellants' motion to reconsider the Rule 91a dismissal and sanctions should be reversed.

ISSUE NO. 5: Whether the trial court granted Silverado's application for attorney's fees pursuant to Rule 91a Order entered on November 10, 2014 in error on January 9, 2015, although Appellants' Fifth Amended Petition adequately stated facts supporting the trial court's jurisdiction over their claims for relief such that the motions for dismissal of Appellants' claims should have been denied.

Silverado filed a Rule 91a motion to dismiss on September 25, 2014. Appellants filed a Fourth Amended Petition on October 6, 2014 and a Response in Opposition to the pending Rule 91 motion on October 27, 2014. Silverado filed a partial withdrawal and reply on November 6, 2014. The motion to dismiss was heard on November 7, 2014, and the Court granted the motion in

error, but the Order was not final and appealable because it did not dispose of all parties and causes of action.

On December 3, 2014, Silverado filed a 91a Motion to Dismiss Plaintiffs' Sole Remaining Claim Breach of Trust and/or Breach of Fiduciary Duty. On December 4, 2014, Appellants filed their Fifth Amended Petition, which added two new plaintiffs individually and as next friends of Ruby Peterson. Silverado did not object to the filing of the Fifth Amended Petition.

On December 9, 2014, the Court held a hearing but did not consider the supplement to Silverado's application for an award of attorney's fees alleging a request to dismiss an additional claim that was not included in its previous motion for dismissal, which was filed on the same day. The Court ruled that the Appellants would have until December 16, 2014 to file their objections to Silverado's motion for Rule 91a award of attorney's fees.

Therefore, Appellants respectfully submit that Silverado waived objection to the filing of their Fifth Amended Petition; that Silverado did not file an answer to their Fifth Amended Petition or a motion to dismiss the Fifth Amended Petition; and that Silverado's motion for Rule 91a dismissal of the Fourth Amended Petition was moot.

Additionally and alternatively, Appellants respectfully submit that

Silverado's motion for dismissal and application for an award of attorney's fees should have been denied because there was no evidence in the record regarding Silverado's claim that the Appellants' claims were groundless and frivolous or groundless and brought for an improper purpose or for harassment.

Appellants respectfully submit that their claims were grounded in fact and law and that they were brought in good faith and not for any dilatory or improper purpose according to their knowledge and information at the times the claims were alleged. Additionally and alternatively, Appellants submit that they alleged the claims contained in their Fifth Amended Petition in good faith, that they were supported by good cause, that they were supported by existing law or good faith argument for meritorious change in the law, and that they should not have been dismissed.

Therefore, Appellants objected to Silverado's application and supplement application for award of attorney's fees pursuant to TRCP Rule 91a on the grounds that their Fifth Amended Petition was not dismissed and that there was no evidence that their claims were groundless and frivolous or groundless and brought for an improper purpose or for harassment.

Additionally and alternatively, Appellants respectfully submit that Silverado's proffered "evidence" consisted of no evidence or insufficient to

support it's claim for an award of attorney's fees pursuant to TRCP Rule 91a. Additionally and alternatively, Appellants respectfully submit that Silverado's claim for an award of attorney's fees pursuant to TRCP Rule 91a was excessive.

To wit, the affidavit of Josh Davis, Esq. dated December 1, 2014 contains claims for an award of $44,489.50 for "Case Assessment, Development, Administration, but the redacted billing statements for the time period beginning on July 18, 2014 through August 30, 2014 did not provide any evidence of the reasonableness or necessity of the time spent for "fact investigation/development" and "analysis/strategy", which comprised the majority of the 161.5 hours and $28,262 billed by Josh Davis and 91.4 hours and $14,624 billed by Jacob M. Stephens according to the statement of CNA Specialty Claims file 50013-1476 dated 9/30/14 attached to the affidavit of Josh Davis dated December 1, 2014.

Similarly, the statement of CNA Specialty Claims file 50013-1476 dated 10/15/14 attached to the affidavit of Josh Davis dated December 1, 2014 shows a total amount claimed for "fact investigation/development" = $32,052.39 to date and "analysis/strategy" = $17,315.47 to date, but there was no reliable evidence offered to support such claims because the redacted billing statements did not reveal whether the activities were reasonable or necessary. Likewise, there was

32

no way for the Defendants or the trial court to determine whether the information that was redacted from Silverado's billing statements was privileged or discoverable. Therefore, it was not possible to determine whether the 79.4 hours and $15,086.00 billed by Josh Davis, 43 hours and $7,665.00 billed by Christian Johnson, and 19.9 hours and $3,482.50 billed by Julianne C. Lomax were reasonable and necessary current charges for the period ending on 10/15/14.

Similarly, the statement of CNA Specialty Claims file 50013-1476 dated 11/17/14, invoice No. 1408065, attached to the affidavit of Josh Davis dated December 1, 2014 showed a total current charges in the amount of $18,214.03 including multiple entries for "settlement/non-binding ADR", in which Silverado did not participate. Appellants submit that there was no reliable evidence offered to support such claims because the redacted billing statements did not reveal whether the activities were reasonable or necessary.

Additionally and alternatively, Appellants submit that Silverado claimed $117,183.40 with regard to defending against the causes of action which were dismissed on November 10, 2014, but the documents attached to the affidavit of Josh Davis did not show that Silverado incurred any obligation to pay $117,183.40 in reasonable and necessary fees related to the causes of action which were dismissed on November 10, 2014. To wit, the billing statements

indicated that they were submitted to CNA Specialty Claims file 50013-1476, not to Silverado, and there was no evidence as to what amount, if any, Silverado incurred with regard to defending against the causes of action which were dismissed on November 10, 2014.

Additionally and alternatively, Appellants submit that Silverado claimed $117,183.40 to defend against the causes of action, which were dismissed on November 10, 2014, but it appeared that $18,830.00 of that amount was for fees related to its defense against a federal lawsuit filed contemporaneously with this state court proceeding. However, there was no evidence to show which fees were related to the state court proceeding and which fees related to the federal court case because the activity descriptions were too heavily redacted and the fees were not segregated between the two cases. Appellants submit that it was improper for Silverado to claim reimbursement for fees that were chargeable to another case and did not relate to claims that were dismissed on November 10, 2014 pursuant to TRCP Rule 91a.

Additionally and alternatively, Silverado claimed prospective fees in the event of an appeal. However, Appellants submit that the statements of Josh Davis regarding his opinion as to the amounts of reasonable and necessary fees for handling appeals of this matter were not supported by evidence and were

conclusory. To wit, Mr. Davis' affidavit did not provide any method for calculating the amounts of reasonable and necessary fees that would be incurred; it did not state how many hours would be required to be spent; it did not state a reasonable rate per hour; it did not state what activities would be required; and it did not state that the amounts of fees requested were usual and customary in the locality.

Therefore, Appellants respectfully submit that the Order granting Silverado's application for attorney's fees pursuant to Rule 91a should be reversed and rendered. Alternatively, the Order granting Silverado's application for attorney's fees pursuant to Rule 91a should be reversed and remanded to the trial court.

ISSUE NO. 6: Whether Appellants may be entitled to declaratory judgment as a matter of law that the 1993 Durable Power of Attorney appointing Carol Manley and David was revoked as of November 15, 2013 pursuant to Tex. Civ. Prac. & Rem. Code 37.001-37.005 et seq.

Appellants' Fifth Amended Petition at ¶¶ 18-19 alleges facts, which support their claims for declaratory judgment as follows:

18    On November 15, 2013, Don and Mack brought Ruby a revocation of  power of attorney expressly revoking her prior 1993 durable power of attorney. Ruby executed revocation of power of

attorney expressly revoking her prior 1993 durable power of attorney before a Notary Public for the State of Texas and a witness.

19  Plaintiffs allege and would prove that Ruby had legal capacity to revoke her prior power of attorney, and she voluntarily executed a revocation of the 1993 power of attorney on or about November 15, 2013.  Plaintiffs further allege and would prove that Ruby has not been judicially determined to lack capacity, and she may be presumed to have had capacity in November 2013.

(CR2 pages 1542 & 1543).

Appellants respectfully submit that they alleged adequate facts to support their claim for declaratory judgment.  However, the trial court did not  grant any motion specifically requesting dismissal of Appellants' declaratory judgment request. The Texas Health and Safety Code, Section 166.155 recognizes a person's right to revoke a medical power of attorney regardless of the person's capacity. Therefore, Appellants submit that the Court should remand the claim for declaratory judgment to the trial court.

CONCLUSION AND PRAYER

WHEREFORE, Appellants request the Court to reverse the trial court's Orders granting Silverado's plea to the jurisdiction, motions for dismissal of Appellants' claims pursuant to Rule 91a and application for attorney's fees and remand the case to the trial court for further proceedings.  Appellants also request the Court to grant them all additional relief to which they may be justly

entitled.

Respectfully submitted,

/s/ Philip M. Ross
Philip M. Ross
State Bar No. 17304200
1006 Holbrook Road
San Antonio, Texas 78218
Phone: 210/326-2100
Email: ross_law@hotmail.com

Candice Schwager
State Bar No.
1417 Ramada Drive
Houston, TX 77062
Phone:  832-315-8489
FAX:  713-583-0355

Attorneys for MACKEY GLEN
PETERSON, TONYA PETERSON,
DON LESLIE PETERSON, and LONNY
PETERSON


CERTIFICATION

I hereby certify that every factual statement in the petition is supported by competent evidence included in the appendix or record.

/s/ Philip M. Ross
Philip M. Ross

## CERTIFICATE OF COMPLIANCE

I hereby certify that this brief is in compliance with Texas Rule of Appellate Procedure Rule 9. It contains 8,184 words, 36 pages, 14 point typeface.

/s/ Philip M. Ross
Philip M. Ross

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above document was e-filed and sent by email or electronic delivery by agreement to:

Josh Davis
Lewis Brisbois Bisgaard & Smith, LLP
Weslayan Tower, Suite 1400
24 Greenway Plaza
Houston, TX 77046

on November 16, 2015.

/s/ Philip M. Ross
Philip M. Ross