# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-18-00280-CV

**Walter Zawislak, MD, Appellant**

**v.**

**Dr. John Bruce Moskow, MD, Appellee**

## FROM THE DISTRICT COURT OF TRAVIS COUNTY, 261ST JUDICIAL DISTRICT
## NO. D-1-GN-18-002286, HONORABLE JOHN K. DIETZ, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Walter Zawislak, M.D., appeals from the trial court's order granting Dr. John Moskow's Rule 91a motion to dismiss. *See generally* Tex. R. Civ. P. 91a.1–.9 (permitting dismissal of claims having "no basis in law or fact"). Zawislak asserted a negligence claim against Moskow related to Moskow's statements as an expert at an administrative disciplinary proceeding initiated by the Texas Medical Board (TMB) against Zawislak. Moskow timely moved to dismiss the suit under Rule 91a on the ground that Moskow's testimony was entitled to absolute immunity. *See id.* R. 91a.3 (setting out timing requirements for motion). The trial court granted the motion and awarded Moskow attorney's fees and costs. *See id.* R. 91a.5 (stating requirements for dismissal), .7 (providing for costs and attorney's fees). For the reasons stated below, we affirm.

## BACKGROUND[1]

On June 4, 2012, TMB filed a complaint against Zawislak for violations of the Medical Practice Act. The disciplinary proceedings were assigned to an Administrative Law Judge (ALJ) for the State Office of Administrative Hearings (SOAH). "TMB retained/contracted with their agent . . . Moskow . . . to provide an expert medical investigative report, expert report, and expert witness deposition," and Moskow "is/was an expert review panelist for [TMB] pursuant to Tex. Occ. Code § 154.056(e)." *See* Tex. Occ. Code § 154.056(e) (providing that expert physician panel shall be appointed by board to assist with complaints and investigations relating to medical competency by acting as expert physician reviewers). Zawislak moved to strike Moskow's expert testimony on five grounds:

> (1) Dr. Moskow should be stricken as an expert for lack of qualifications by education, training or experience from testifying in the SOAH proceeding[;]
>
> (2) that Dr. Moskow is not qualified to testify because Dr. Moskow was not actively practicing medicine or rendering emergency medical treatment after, at best, 2008[;]
>
> (3) that he did not render emergency medical treatment during the time relevant to respondent[;]
>
> (4) that Dr. Moskow indicated in his expert witness deposition that he did not practice emergency medicine in his offices - Emergency Services Partners - and that he did not provide medical care to any patients outside of an emergency room at the time of the TMB's Underlying Complaint in the case and Substantive issues of Law and Fact before the SOAH court against the Plaintiff; and

---

[1] The facts of this case are drawn from Zawislak's live petition and supporting Rule 59 exhibits. *See* Tex. R. Civ. P. 91a.6 ("[T]he court . . . must decide the motion based solely on the pleading of the cause of action, together with any pleading exhibits permitted by Rule 59.").

2

(5) that [] Dr. Moskow spends all of his time handling administrative matters for his business [Emergency Services Partners], and not providing medical treatment.

(Internal marks, footnotes, and citations omitted.) The ALJ overruled the motion. After a hearing on the merits, the ALJ issued a proposal for decision on December 5, 2014, finding that Zawislak violated the Medical Practice Act and TMB's Rules. On February 13, 2015, TMB adopted the ALJ's proposal, publicly reprimanded Zawislak, imposed continuing medical education and testing requirements, and required Zawislak's practice to be monitored by a physician for a specified time period, among other requirements.

On January 2, 2018, and as amended on January 19, Zawislak filed suit against Moskow and others.[2] Zawislak alleged that Moskow committed negligence because:

Defendant violated statute(s) Title 3, Subtitle B, of the Texas Occupations Code § 156.007(a) and (b); § 164.05(a)(1) and (3); § 164.052(a)(1) and (5); and § 164.053(a)(1), the Texas Administrative Code § 163.11 (a) and (b), as well as the American College of Emergency Physicians to qualify as an expert witness in the specialty of emergency medicine Code of Ethics for Emergency Physicians Ann Emerg Med. 2008; 52(5):581-590.

Zawislak's complaint appears to be that Moskow's "admitted action(s)/conduct" in his "expert medical investigative report, expert report, and expert witness deposition to the SOAH Court" shows that Moskow had not "actively practiced medicine . . . from 2004 through 2015" and that he therefore was "an unqualified physician to be an expert witness who is asked to render opinions as

---

[2] On May 7, 2018, the trial court signed an agreed order of severance that severed out Zawislak's claims against Moskow.

3

to assess the requisite standard of care pertaining to emergency physicians in cases of alleged medical malpractice and peer review" under the cited statutes, rules, and professional guidelines.

Moskow answered[3] and, on February 13, timely filed a Rule 91a motion to dismiss based on one ground: his "testimony and opinions" during the administrative proceedings "are protected by absolute immunity." *See generally* Tex. R. Civ. P. 91a.1–.9 (setting out dismissal procedure). Zawislak did not file a response to the Rule 91a motion, but he did file a second amended petition on March 5, purporting to amend his cause of action to assert that Moskow's statements constituted perjury. *See id.* R. 91a.4 (requiring response to be filed "no later than 7 days before the date of the hearing"), .5(b) (permitting respondent to amend cause of action "at least 3 days before the date of the hearing"). Two days later, on March 7, the trial court heard the Rule 91a motion to dismiss. *See id.* R. 91a.6 (providing that court may conduct oral hearing on motion). On March 20, the trial court timely granted Moskow's Rule 91a motion to dismiss. *See id.* R. 91a.3(c) (requiring court to grant or deny motion within 45 days after it was filed), .5(d) (providing that trial court "must decide the motion based solely on the pleading of the cause of action, together with any pleading exhibits permitted by Rule 59"). The trial court also awarded Moskow $5,250 for reasonable and necessary attorney's fees and costs. *See id.* R. 91a.7 (providing for costs and attorney's fees). After filing a motion to reconsider, Zawislak appealed from the trial court's Rule 91a dismissal order.

---

[3] Moskow counterclaimed that the action was brought in bad faith, without any basis in law or fact, and solely for the purpose of harassment. *See* Tex. Civ. Prac. & Rem. Code § 9.011; Tex. R. Civ. P. 13. The counterclaim was nonsuited in the agreed order of severance.

## STANDARD OF REVIEW AND APPLICABLE LAW

Rule 91a permits a party to move to dismiss a cause of action on the ground that it has no basis in law or fact. *See* Tex. R. Civ. P. 91a.1. There is no legal basis for a cause of action if "the allegations, taken as true, together with inferences reasonably drawn from them, do not entitle the claimant to the relief sought" and no factual basis if no reasonable person could believe the facts pleaded. *Id.* Other than evidence regarding costs and fees, "the court may not consider evidence in ruling on the motion and must decide the motion based solely on the pleading of the cause of action, together with any pleading exhibits permitted by Rule 59." *Id.* R. 91a.6; *see also id.* R. 59 (explaining when document may be deemed part of petition).

Our review of a trial court's Rule 91a dismissal is de novo "because the availability of a remedy under the facts alleged is a question of law and the rule's factual-plausibility standard is akin to a legal-sufficiency review." *City of Dallas v. Sanchez*, 494 S.W.3d 722, 724 (Tex. 2016). We "construe the pleadings liberally in favor of the plaintiff, look to the pleader's intent, and accept as true the factual allegations in the pleadings to determine if the cause of action has a basis in law or fact." *Koenig v. Blaylock*, 497 S.W.3d 595, 599 (Tex. App.—Austin 2016, pet. denied) (citing *Wooley v. Schaffer*, 447 S.W.3d 71, 76 (Tex. App.—Houston [14th Dist.] 2014, pet. denied)).

## DISCUSSION

In two issues, Zawislak challenges the trial court's dismissal under Rule 91a. First, Zawislak argues there is a basis in both law and fact for the cause of action and that the asserted ground for dismissal in the Rule 91a motion—immunity from suit—does not apply to Moskow's

5

statements. Second, Zawislak claims that Moskow's statements constitute perjury and that the trial court erred in determining that Moskow's statements "did not constitute perjury."

As the trial court must decide the motion solely on the pleading and pleading exhibits, Tex. R. Civ. P. 91a.6, we first must determine the relevant live pleading at the time of the trial court's determination. Zawislak filed a second amended petition on March 5, 2018, two days before the March 7 hearing on the motion. If the respondent amends the cause of action "at least 3 days before the date of the hearing," the movant may withdraw or amend the motion under paragraph (b) of Rule 91a.5. *Id.* R. 91a.5(b). Otherwise, "[i]n ruling on the motion, the court must not consider a[n] . . . amendment not filed as permitted by paragraph[] . . . (b)," unless the parties agree otherwise. *Id.* R. 91a.5(b)–(c); *see Ruth v. Crow*, No. 03-16-00326-CV, 2018 WL 2031902, at *2 (Tex. App.—Austin May 2, 2018, pet. denied) (mem. op.) (recognizing that "rule 91a has fairly strict time constraints" and "it does not include a 'good cause' exception"). The record does not indicate any agreement on this issue. Because Zawislak's second amended petition was not filed "at least 3 days before the date of the hearing," we will not consider it and will instead consider the first amended petition as the live petition for purposes of this analysis.[4] *See* Tex. R. Civ. P. 91a.5(c).

---

[4] At the hearing, it was claimed that the second amended pleading was filed on Sunday, March 4, 2018, and thus was amended "at least 3 days before the hearing." *See* Tex. R. Civ. P. 91a.5(b)–(c). However, "[p]arties may amend their pleadings . . . by *filing* such pleas with the clerk," *id.* R. 63, and "[a]n electronically filed document is deemed filed when transmitted to the filing party's electronic filing service provider, except . . . if a document is transmitted on a . . . Sunday . . . it is deemed filed on the next day that is not a Saturday, Sunday, or legal holiday," *id.* R. 21(f)(5). Thus, even if Zawislak transmitted the amendment to the electronic filing service provider on Sunday, it was not deemed filed until Monday. Moreover, even if the amendment was considered filed on Sunday, "Saturdays, Sundays, and legal holidays shall not be counted for any purpose in any time period of five days or less in these rules." *Id.* R. 4.

6

**Absolute Immunity**

The parties dispute whether Moskow is entitled to immunity under common law absolute immunity—also called the judicial proceedings privilege—or under subsection 160.010(e) of the Texas Occupations Code. Moskow also raises for the first time on appeal a statute of limitations argument as an alternate ground, which Zawislak argues was waived. Because we conclude that subsection 160.010(e) provides Moskow with immunity and is dispositive of this issue, we do not address the other arguments raised on appeal. *See* Tex. R. App. P. 47.1, 47.4.

Subsection 160.010(e) states:

> A member of an expert panel under Section 154.056(e) and a person serving as a consultant to the board are immune from suit and judgment and may not be subjected to a suit for damages for any investigation, report, recommendation, statement, evaluation, finding, or other action taken without fraud or malice in the course of performing the person's duties in evaluating a medical competency case.

Tex. Occ. Code § 160.010(e). Zawislak does not dispute that Moskow is a member of an expert panel, the statements at issue were made in the course of performing his duties in evaluating Zawislak's medical competency case, and the statements were without malice. Instead, Zawislak asserts that subsection 160.010(e) does not apply because Moskow's statements were fraudulent. Accordingly, if Moskow's statements are "without fraud," then subsection 160.010(e) provides him with "immun[ity] from suit and judgment," and the trial court did not err in granting the Rule 91a motion. *See id.*

In his reply brief before this Court, Zawislak alleges Moskow made fraudulent statements in the administrative proceeding and attaches exhibits from third-party discovery and

7

other documents that, Zawislak alleges, support the fraudulent nature of the statements. These documents, however, were not properly included in the record on appeal, and we may not consider them. *See* Tex. R. App. P. 34.1, 38.1(g); *Save Our Springs All., Inc. v. City of Dripping Springs*, 304 S.W.3d 871, 892 (Tex. App.—Austin 2010, pet. denied) ("We are limited to the appellate record provided."); *Burke v. Ins. Auto Auctions Corp.*, 169 S.W.3d 771, 775 (Tex. App.—Dallas 2005, pet. denied) (explaining that documents that are cited in brief and attached as appendices may not be considered by appellate courts if they are not formally included in record on appeal). Moreover, the scope of this Court's review of the trial court's Rule 91a dismissal is limited to the pleading and any Rule 59 pleading exhibits. *See* Tex. R. Civ. P. 91a.6 ("[T]he court . . . must decide the motion based solely on the pleading of the cause of action, together with any pleading exhibits permitted by Rule 59."). Here, the live pleading and pleading exhibits do not allege that Moskow's medical investigative report, expert report, and expert witness deposition were fraudulent. In fact, the live pleading states that the claims are based on Moskow's "admitted conduct/actions" in his expert deposition, expert report, and testimony before SOAH, and that the "admitted conduct/actions" allegedly violated statutory provisions, TMB rules, or professional organization guidelines. In effect, as pleaded, Zawislak's negligence claim depends on the truth, not the falsity, of the statements that were made in the administrative proceedings to show that the "admitted conduct/actions" constitute negligence.

Accordingly, Zawislak failed to plead a false representation in Moskow's "expert medical investigative report, expert report, and expert witness deposition" submitted in the administrative proceeding that Zawislak alleges caused the injury or to allege that Moskow made a

8

representation that he knew was false or made recklessly without any knowledge of the truth and as a positive assertion. *See Italian Cowboy Partners, Ltd. v. Prudential Ins. Co. of Am.*, 341 S.W.3d 323, 337 (Tex. 2011) (noting elements of fraud). In sum, Zawislak has not pleaded how "any investigation, report, recommendation, statement evaluation, finding, or other action taken . . . in the course of performing the person's duties in evaluating a medical competency case" was fraudulent or malicious. *See* Tex. Occ. Code § 160.010(e). On these pleadings, Moskow is therefore "immune from suit" under subsection 160.010(e), and the trial court did not err in dismissing the case under Rule 91a. *See id.*; *cf. DeVoll v. Demonbreun*, No. 04-14-00116-CV, 2014 WL 7440314, at *3 (Tex. App.—San Antonio Dec. 31, 2014, no pet.) (mem. op.) (holding that because "DeVoll did not allege facts demonstrating reliance or harm, his fraud claim has no basis in law," and affirming Rule 91a dismissal). We overrule Zawislak's first issue.

**Perjury**

In his second issue, Zawislak claims that the trial court erred "when it determined that [Moskow's] Expert Report, Expert Sworn Oath Deposition, and Testimony did not constitute perjury."[5] In ruling on a Rule 91a motion, the court "must not consider" an amendment of a

---

[5] It is unclear exactly what Zawislak is arguing because Texas law does not recognize a civil cause of action for perjury. *See Trevino v. Ortega*, 969 S.W.2d 950, 953 (Tex. 1998) (recognizing "line of cases refusing to recognize a separate cause of action for perjury"); *Tumlinson v. Barnes*, No. 03-15-00642-CV, 2017 WL 1832488, at *3 n.17 (Tex. App.—Austin May 5, 2017, no pet.) (mem. op.) ("Texas does not recognize a civil cause of action for perjury and that witnesses and parties who testify in judicial proceedings are entitled to absolute immunity from subsequent civil liability for their testimony, even perjured testimony."). In his briefing on this issue, Zawislak cites only criminal authorities, but fails to explain how the criminal authorities have relevance to this civil suit.

9

challenged cause of action unless the respondent amends the challenged cause of action at least three days before the hearing or obtains agreement to amend from the opposing party. *See* Tex. R. Civ. P. 91a.5(c). Here, Zawislak did not raise the issue of perjury until his second amended petition, which was filed on March 5, 2018—two days before the March 7, 2018 hearing—nor does the record indicate that he obtained agreement to amend from Moskow. Accordingly, the trial court "must not consider" Zawislak's perjury issue that was untimely raised, nor does it appear that the trial court did so. We overrule Zawislak's second issue.

## CONCLUSION

Having overruled Zawislak's issues, we affirm the trial court's Rule 91a dismissal.

_____

Melissa Goodwin, Justice

Before Justices Goodwin, Baker, and Triana

Affirmed

Filed:   May 22, 2019

10